[No. 16698.   Department One.   March 3, 1922.]

C. C. ROWELL *et al., Respondents,* v. ELDRIDGE BUICK
COMPANY, *Appellant.*[1]

TRIAL (97)—INSTRUCTIONS—MATTERS NOT SUSTAINED BY EVIDENCE. In an action for personal injuries resulting from being struck by an automobile on alighting from a street car, it was error for the court to instruct the jury respecting provisions of an ordinance covering safety zones for street car passengers, where such ordinance was not in effect at the time of the accident.

APPEAL (386)—REVIEW—RIGHT TO ALLEGE ERROR—ADMISSIONS IN ANSWER. The appellate court cannot disregard a matter not presented to it until, the filing of a reply brief, where the record shows it had been raised by objection in the trial court.

PLEADING (56)—ANSWER—ADMISSIONS. Where an ordinance not in existence at the time of an accident is pleaded as a fact, an answer admitting the passage of such ordinance as of a date subsequent to the accident, does not preclude the right to raise the objection that it was non-existent when the accident occurred.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered April 14, 1921, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by a pedestrian struck by an automobile. Reversed.

*O. C. Moore,* for appellant.

*W. H. Plummer* and *J. D. Campbell,* for respondents.

BRIDGES, J.—By this action the plaintiff sought to recover damages because of personal injuries received by her, in the city of Spokane, on the 3d of June, 1920. She claimed that, as she was alighting from a street car, defendant's automobile, while being driven carelessly and in violation of certain ordinances of the city of Spokane struck and greatly injured her. The case was tried by a jury, and there was a verdict in favor of the plaintiff. The defendant has appealed from the judgment entered thereon.

[1]Reported in 204 Pac. 772.

The court told the jury that the city of Spokane had an ordinance with reference to the creation of safety zones—that is, places marked out on certain streets where persons might take and leave street cars in comparative safety. The jury was fully instructed regarding these zones and the rights they gave pedestrians within them, and the duties imposed on automobiles in approaching or being within them. This safety zone ordinance very minutely governed the movements of automobiles within or approaching the zones. For our present purposes, it will not be necessary to give these instructions in greater detail.

The appellant contends that, at the time of the injury to the respondent, there was no ordinance whatsoever in the city of Spokane creating, or attempting to create and regulate, safety zones in that city, and consequently the court erred in giving its "safety zone" instructions.

The complaint plead ordinance number C-1832, and several amendments thereto, including ordinance C-2565, passed July 12, 1920. There was no provision in any of the ordinances of the city of Spokane concerning safety zones until the passage of ordinance C-2565, on July 12, 1920. It will be noted that that ordinance did not go into effect for more than a month after the injury sued for. Section 291, Rem. Code (P. C. § 8376), provides that, "In pleading any ordinance of a city or town in this state, it shall be sufficient to state the title of such ordinance and the date of its passage, whereupon the court shall take judicial knowledge of the existence of such ordinance and the tenor and effect thereof." We have, then, a situation where the court has instructed the jury concerning an ordinance which was not in existence at the time of the injury sued for.

The respondent contends that this point was not

raised in the lower court, and was not raised in this court until the reply brief, and therefore we should not listen to the appellant's argument in this regard. But the question is directly raised here and we cannot close our eyes to it. The mere fact that it was not raised until the reply brief will not justify us in disregarding it. It may be that it was not argued to the lower court, but that it was raised in that court there can be little question. The exceptions taken by the defendant to the instructions with reference to the safety zones stated that "there is no evidence in the case of the existence of a safety zone at the place of the accident, or of any legal authority for the establishing of such a zone."

Respondent, in its supplemental brief, says that the appellant is not now in position to raise this question because the complaint alleged these various ordinances, including the one passed on July 12, 1920, and which provided for safety zones, and stated that such ordinances contained, among other things, the provision with reference to safety zones, and which provisions were copied into the complaint and made a part of it, and that the answer admitted these allegations of the complaint. The pleadings of the defendant amounted to nothing more than that it admitted the ordinance passed July 12, 1920, contained provisions with reference to safety zones. This was an admission of an undisputed fact, but the answer did not admit that there was in effect at the time of the injury to the respondent any ordinance whatsoever creating, or with reference to, safety zones.

Because of the error pointed out, we cannot do otherwise than reverse the case and remand it for a new trial. It is so ordered.

Parker, C. J., Fullerton, Mitchell, and Tolman, JJ., concur.