[No. 18063.   Department One.   January 25, 1924.]

E. T. DAVIS, *Respondent,* v. ASSOCIATED FRUIT COMPANY, *Appellant.*[1]

SALES (42)—MODIFICATION OF CONTRACT—EVIDENCE—ADMISSIBILITY. Evidence is admissible that the buyer had warehouses at other points but not at shipping point, to sustain his contention that a sale of apples f. o. b. shipping point was modified to permit delivery of less than a carload lot at a point where the buyer would fill a car at his warehouse.

Appeal from a judgment of the superior court for Chelan county, Clifford, J., entered January 15, 1923, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Reversed.

*Hughes & Wallace,* for appellant.
*Crollard & Steiner,* for respondent.

MAIN, C. J.—The respondent sold his crop of apples to the appellant under a written contract calling for delivery at Chelan station, whence they were shipped to the appellant at Cashmere. Somewhere in transit

[1]Reported in 222 Pac. 490.

they were damaged and the question in this case is as to where the title was to pass.

The respondent's claim is that, under the contract, title passed at Chelan station, the contract providing: "The seller agrees to make delivery of said fruit f. o. b. Chelan Station," whereas it is the appellant's claim that this clause was modified by a subsequent oral agreement calling for delivery f. o. b. Cashmere. Evidence was introduced by the appellant tending to establish this change. The jury by its verdict found that no such change had taken place.

Two errors are assigned: first, that, under the evidence actually received, the modification of the contract was conclusively established and that the jury could do nothing other than return a verdict for the appellant. An examination of the record, however, shows that this contention of the appellant cannot be agreed with, as the evidence on the point in controversy was in conflict. The second error assigned is that the court excluded testimony offered by the appellant in reference to possession by it of warehouses at Wenatchee and Cashmere but not at Chelan, which tended to establish the appellant's contention that when it found that, under the contract, the respondent was unable to deliver a full car load lot, as contracted for, the contract was further modified so that the less than car load lot should be sent to Cashmere, where the appellant maintained a warehouse from which it could secure additional apples with which to complete the car load, and that, having no warehouse at Chelan, the appellant would have been unable to fill a car there for eastern shipment, where these apples were destined.

As we view it, this testimony should have been admitted. But it is claimed by the respondent that, under the record, the rejection of this testimony has been

waived. The appellant presented a motion for a new trial based upon four grounds; the first being excessive damages; the second, error in the amount of recovery; third, insufficiency of the evidence; and fourth, error of law occurring during the trial. On behalf of its motion it presented a written brief in which was argued only the third ground of error, to wit, the insufficiency of the evidence, and in passing on the motion for a new trial the lower court stated that grounds 1, 2 and 4 would be considered to have been waived, for the reason that no argument had been presented upon them, and ordered "that the motion for new trial as argued on paragraph 3 of said motion be and the same is denied." The respondent contends that paragraph 4 of the motion was thereby waived. With this we cannot agree. Mere failure to argue a ground for new trial, preserved in a motion for new trial, will not be considered a waiving of that ground. So long as a legal ground is stated the moving party has all of his rights thereunder unless he specially waives them. Both in the trial court and in this court, so long as he preserves his record and presents the question, although he may not have presented it with the zeal with which he presents other points, his rights have not been lost by silence. This is not one of those cases where it has been held that an appellant cannot raise a question for the first time in this court, which the trial court should have first been given an opportunity to consider.

For reasons stated, the judgment is reversed and a new trial ordered.

HOLCOMB, MACKINTOSH, PARKER, and TOLMAN, JJ., concur.