[No. 24650. *En Banc.* February 14, 1934.]

ARNE BRASETH, *as Administrator, Appellant,* v. KING FARRELL *et al., Respondents.*[1]

[1]Reported in 29 P. (2d) 680.

*Shank, Belt & Rode,* for appellant.
*Pearson & Potts,* for respondents.

BEALS, C. J.—During the course of the evening of December 17, 1931, Mrs. Gina Braseth, while crossing Fifth street, between Pacific and Park avenues, in the city of Bremerton, was struck and mortally wounded by an automobile driven by defendant Alice Farrell. As the result of the accident, several of Mrs. Braseth's ribs were broken, one of the fragments penetrating her lungs, from the effect of which she died about two weeks after receiving the injuries.

In due course, plaintiff was appointed administrator of Mrs. Braseth's estate, and instituted this action against Mrs. Farrell and her husband for the purpose of recovering damages, based upon the alleged negligence of Mrs. Farrell in running down the decedent. The action was tried to the court sitting with a jury, the trial resulting in a verdict in defendants' favor. From a judgment of dismissal entered upon this verdict, plaintiff appeals.

Error is assigned upon alleged misconduct of counsel for respondents during his argument to the jury, upon the refusal of the trial court to give two instructions requested by appellant, upon the giving of four instructions, upon the overruling of appellant's motion for a new trial, and upon the entry of judgment in respondents' favor.

The block along Fifth street, between Pacific and Park avenues, in the city of Bremerton, is approximately seven hundred fifty feet long, the street being lighted by several four-hundred-candle-power lights placed alternately on each side of the street. The

pavement is thirty-six feet wide, the street rising toward the east on a grade of approximately five per cent. Near the middle of the north side of the block stands a church, and near it, the public library.

Mrs. Braseth, a heavy woman, fifty-eight years of age, intending to attend a service at the church, was brought by her son in his automobile to a point a short distance from the church on the south side of the street, where she left the automobile and, taking in her hand a guitar in its case, walked around behind the car and started across the street. The night was dark and rainy, and Mrs. Farrell, driving east along Fifth street in the same direction from which the decedent had come, struck Mrs. Braseth, knocking her down and inflicting upon her the injuries from which she died.

■ The facts which appellant contends show misconduct of counsel for respondents are as follows: During the trial, the court sustained an objection interposed by appellant to a question propounded by respondents' counsel to Mrs. Farrell, asking her to narrate a conversation which Mrs. Farrell had with Mrs. Braseth after the accident, it appearing that Mrs. Farrell would testify that Mrs. Braseth had made statements to Mrs. Farrell concerning the manner by which she had reached a certain place on the street where her son found her. This testimony having been excluded by the court on appellant's objection, the following occurred during the course of the argument to the jury presented by respondents' counsel:

"MR. PEARSON: Now, the question may arise in your mind how she got—if we were on our own side of the road when she was hit, how she got over there. I asked Mrs. Farrell if she had told her about how she got over there and Mrs. Farrell— MR. COOK: I object to this on the ground— MR. PEARSON: [continuing] and coun-

sel objected to that— Mr. Cook: Just a minute! Mr. Pearson: [continuing]—he wouldn't— Mr. Cook: I object, and I ask the court at this time to instruct the jury on that. It is a prejudicial matter and counsel has no right to bring it up,—knows so. It is immaterial testimony, not competent to go to a jury, and my duty to object under those circumstances. The Court: Proceed. Mr. Pearson: He can object, and I have a perfect right to argue that he wouldn't permit you to hear it. He can stand on the statute if he wants to, yes, legally, and keep you from getting it, but he can also waive it and let you hear it. But he wouldn't do it. Who is fair now, counsel or—? Mr. Cook: I now ask Your Honor to declare a mistrial on this case because of misconduct of counsel, deliberate on his part. The Court: Motion denied. Mr. Cook: Exception.''

The argument indulged in by respondents' counsel was erroneous in the extreme, and highly prejudicial. Rules of evidence in a jury trial would be worse than useless if counsel could argue to the jury as counsel did in this instance. An objection to the introduction of inadmissible evidence could only be made at the peril of later listening to opposing counsel argue to the jury that, by interposing the objection, counsel had kept from the jury facts which would have aided them in determining the rights of the parties. The jury would probably infer from the argument of respondents' counsel that the testimony which respondents sought to elicit from Mrs. Farrell, and to which appellant objected, would have been damaging to appellant. The jury had no right to consider any such matter. The argument was entirely outside the lawful limits of the record and was extremely improper.

Respondents argue that the court erred in sustaining appellant's objection to the question propounded to Mrs. Farrell. That matter is not before us for review, and as to it, we express no opinion. The ruling of the court became the law of the case, and whether

right or wrong, counsel in arguing the case to the jury were bound by the record. Two wrongs cannot make a right, and it seems probable that counsel's argument was more damaging to appellant than any testimony which Mrs. Farrell could have given as to statements made to her by Mrs. Braseth.

In the next place, respondents contend that appellant's counsel, in arguing his motion for a new trial, waived this and other alleged errors. Appellant's motion for a new trial was based upon six grounds, including, ''Misconduct of defendants and their attorney and of the jury.'' The record, which contains the argument of counsel on the motion for a new trial, contains the following statement by appellant's counsel:

''This comes up on a motion for new trial made by the plaintiffs, and there are just two grounds that I wish to urge to the court and on which I believe the plaintiffs are entitled to a new trial. First, I want to direct Your Honor's attention to instruction No. 8. . . . Now, the other point upon which I wish to urge a new trial is the failure of the court to give the instruction on last clear chance, . . .''

The trial court denied appellant's motion for a new trial, including in its order, after preliminary recitals, the following:

''. . . the plaintiff having stated to the court that the only points he wished to urge to the court in the motion was the failure of the court to give plaintiff's requested instruction upon last clear chance, and the correctness of instruction No. 8; . . .''

The position of appellant's counsel in connection with the argument of respondents' counsel to the jury had been made clear to the trial court at the time the incident occurred. Appellant's counsel did not attempt to gamble upon the result, but immediately

asked that the court declare a mistrial. In order that this ruling might be reviewed in this court, no motion for a new trial was necessary; an appeal from the judgment would have presented the question for review.

"The request to discharge the jury at the very time when the error was committed was in itself equivalent to a motion for a new trial." *Birch v. Abercrombie,* 74 Wash. 486, 498, 133 Pac. 1020, 50 L. R. A. (N. S.) 59.

In the opinion of this court in the case cited, many other authorities are referred to which support this proposition.

In using the language above quoted in opening his argument upon the motion for a new trial, appellant's counsel did not waive any of the grounds upon which his motion was based, but merely stated that there were just two grounds that he wished to urge. To hold that, by this statement, appellant waived error which he could have assigned in this court upon an appeal from the judgment, and without the interposition of a motion for a new trial, would be giving greater effect to form than to substance. While counsel's statement was unfortunate and it would have been the better practice to have advised the trial court as to all matters in the record which appellant believed constituted reversible error, it cannot be held that appellant is now precluded from raising the question which we have just considered.

Respondents cite certain authorities which they contend support their argument to the effect that the error which we have just discussed was waived by appellant. In the cases of *Thompson-Spencer Co. v. Thompson,* 61 Wash. 547, 112 Pac. 655, and *Allen v. Blyth,* 173 Wash. 409, 23 P. (2d) 567, this court considered matters in connection with motions for a non-

suit, for directed verdict or for a dismissal at the close of plaintiff's evidence. These situations differ from the case at bar. The moving party in such a situation should call attention to the defects in plaintiff's case upon which he relies, so that the same may, if possible, be remedied.

The matter of those questions which need not be presented to the trial court by motion for a new trial and those which must be so presented was considered by this court in the cases of *Dubcich v. Grand Lodge, A. O. U. W.,* 33 Wash. 651, 74 Pac. 832, and *Koboski v. Cobb,* 161 Wash. 574, 297 Pac. 771. In these cases, the rule is clearly stated, together with the principles upon which the same is based.

In the case of *Rowell v. Eldridge Buick Co.,* 118 Wash. 697, 204 Pac. 772, there was considered on appeal a question which may not have been argued to the trial court and which was called to the attention of this court only in the appellant's reply brief. The question concerned an instruction and was held to be within the exception taken thereto, but it is evident that this court was of the opinion that whether or not the particular question raised on appeal was argued below, was immaterial.

The opinion of this court in the case of *Davis v. Associated Fruit Co.,* 128 Wash. 239, 222 Pac. 490, is decidedly in point upon the question now under discussion. The defendant, appellant here, assigned error upon the rejection of certain testimony, and filed a motion for a new trial based upon four grounds, including error in law occurring during the trial. Respondent contended that this alleged error had been waived. In discussing this question, this court said:

"On behalf of its motion it presented a written brief in which was argued only the third ground of error, to wit, the insufficiency of the evidence, and in passing on

the motion for a new trial the lower court stated that grounds 1, 2 and 4 would be considered to have been waived, for the reason that no argument had been presented upon them, and ordered 'that the motion for new trial as argued on paragraph 3 of said motion be and the same is denied.' The respondent contends that paragraph 4 of the motion was thereby waived. With this we cannot agree. Mere failure to argue a ground for new trial, preserved in a motion for new trial, will not be considered a waiving of that ground. So long as a legal ground is stated the moving party has all of his rights thereunder unless he specially waives them. Both in the trial court and in this court, so long as he preserves his record and presents the question, although he may not have presented it with the zeal with which he presents other points, his rights have not been lost by silence. This is not one of those cases where it has been held that an appellant cannot raise a question for the first time in this court, which the trial court should have first been given an opportunity to consider.''

We hold that the error hereinabove discussed is available to appellant, and entitles appellant to a new trial.

 In view of our conclusion upon this point, discussion of the other errors complained of is unnecessary. We state, however, that we are convinced that, upon the record now before us, the trial court did not err in refusing to instruct the jury upon the theory of last clear chance. It does not appear that Mrs. Braseth's negligence had ceased, nor can it be said that Mrs. Farrell actually saw Mrs. Braseth on the highway and should have appreciated the danger to her, and in spite of that failed to exercise reasonable care to avoid striking her, or that Mrs. Farrell did not actually see Mrs. Braseth but in law must be charged with knowledge and understanding of her dangerous position. *Mosso v. Stanton Co.*, 75 Wash.

220, 134 Pac. 941, L. R. A. 1916A 943; *Leftridge v. Seattle*, 130 Wash. 541, 228 Pac. 302; *Flagg v. Vander Yacht*, 174 Wash. 521, 24 P. (2d) 1063.

Because of the error above referred to, the judgment appealed from is reversed and the cause remanded with instructions to grant appellant's motion for a new trial.

MAIN, TOLMAN, MITCHELL, BLAKE, and GERAGHTY, JJ., concur.

HOLCOMB, J. (dissenting)—I dissent. When counsel for appellant stated to the trial court that only two grounds on which the motion for a new trial "would be urged to the court," that definitely waived all others, including that of misconduct of counsel. The trial court could understand it in no other way. The cases cited in the majority opinion upon this question are not apt.

The judgment should be affirmed.

MILLARD and STEINERT, JJ., concur with HOLCOMB, J.