[No. 448-3.    Division Three.    June 1, 1972.]

THE STATE OF WASHINGTON, *Respondent*, v. MARY N. DIMMER, *Appellant*.

*Patrick Cockrill* (of *Hovis, Cockrill & Roy*), for appellant (appointed counsel for appeal).

*Lincoln E. Shropshire, Prosecuting Attorney,* and *Robert N. Hackett, Jr., Deputy,* for respondent.

EVANS, J.—Defendant Mary N. Dimmer appeals her conviction for unlawful possession of narcotics.

On January 29, 1971 police entered a Yakima house owned and occupied by defendant, pursuant to a search warrant authorizing them to seize narcotic or dangerous drugs. Two police officers searching a back bedroom found and seized a Bisodol receptacle containing 30 gelatin capsules later determined to be heroin. During the search of this bedroom four prescription bottles labeled with defendant's name were also discovered and seized.

Defendant was charged with constructive possession of the heroin seized. The four prescription bottles were admitted into evidence for the purpose of showing defendant had constructive possession of the bedroom where the heroin was located.

Defendant first contends the court erred in admitting the prescription bottles because their seizure was beyond the scope of the search warrant pursuant to which they were seized. The search warrant authorizing the search allowed officers to:

> seize all narcotic or dangerous drugs there found, together with the vessels in which they are contained, and all implements, furniture, fixtures used or kept for the illegal manufacture, sale, barter, exchange, giving away, furnishing or otherwise disposing of said dangerous or narcotic drug and to safely keep the same, . . .

Pursuant to this warrant, the police had the right to seize the prescription bottles and the pills therein and conduct tests to determine if the pills were narcotics. It is reasonable to believe that pills in prescription bottles may be narcotics when the bottles are found during a search conducted pursuant to a search warrant specifying narcotic drugs. Unless the seizure and testing of pills discovered in this manner is allowed, a search warrant specifying the seizure of narcotics would be rendered useless.

In this case, tests determined that the pills were not narcotics and the pills were not offered in evidence. The prescription bottles labeled with defendant's name, however, were admitted to show defendant had constructive possession of the bedroom where heroin was found. Since the prescription bottles were not vessels in which narcotics or dangerous drugs were contained, their admission into evidence cannot be supported by the terms of the search warrant. However, the bottles were seized by police while conducting a lawful search authorized by valid search warrant. In *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971) it was held that objects in plain view found inadvertently by police officers while searching under a valid warrant may be seized if it becomes immediately apparent to the police that they have evidence before them. This "plain view" doctrine is an exception to the strict rule announced in *Marron v. United States,* 275 U.S. 192, 48 S. Ct. 74, 72 L. Ed. 231 (1927). The Supreme Court held, in 275 U.S. 192, 196, that:

> The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant.

The court, in *Coolidge,* has now carved out a common sense "plain view" exception to this rule with limiting safeguard requirements added to assure that a proper limited search does not become an unconstitutional general exploratory search. These safeguard requirements needed to justify a "plain view" seizure include: a prior justification for intrusion, an inadvertent discovery of incriminating evidence, and immediate knowledge by police that they have evidence before them.

In this case, the necessary safeguard requirements to justify a seizure have been met. The police had prior justification for intrusion into defendant's house, namely, a valid search warrant. There was no evidence that the police

knew beforehand that prescription bottles would be found in defendant's house or that the name thereon would help establish defendant's possession of drugs. This is not the type of case where police had reason to believe evidence other than what was described in the warrant would be found and, knowing that, simply failed to get a search warrant to cover it. The evidence indicated finding the bottles was unanticipated and inadvertent. Finally, it did become immediately apparent to the searching officers that they had evidence before them. The bottles had defendant's name on them, and, therefore, immediately indicated that defendant had some control over the room where heroin was located.

The prescription bottles were within "plain view" of the searching officers. The record indicates that the bottles were found in the back bedroom where the heroin was discovered. The search warrant authorized a search for narcotics and a reasonable search thereunder would take officers into all rooms of a house and then into small compartments where narcotics might be hidden. So, the officers had a right to be in the back bedroom where they found the bottles and the discovery thereof was a "plain view" discovery. The prescription bottles did not have to be studied or tested to determine their evidentiary value; the nature of the evidence was plainly apparent.

Following the plain view rule as enumerated in *Coolidge*, then, the seizure of and subsequent admission in court of the prescription bottles was proper. The fact that the bottles were only evidence of a crime and not fruits or instrumentalities of a crime does not affect their admissibility at trial. *Warden, Maryland Penitentiary v. Hayden*, 387 U.S. 294, 18 L. Ed. 2d 782, 87 S. Ct. 1642 (1967).

Defendant next contends the trial court committed reversible error in allowing the jury to be present while a prior motion to suppress evidence was discussed by counsel. We disagree. The record indicates that defense counsel mentioned before the jury that a motion to suppress evidence had been granted earlier. The prosecuting attorney

then stated that the motion "went to certain papers and articles, papers, letters, bills and such as that . . ." This was the extent of the discussion about suppressed evidence.

■ Although the trial court has wide discretion in governing the conduct of a trial, this discretionary power cannot be relied upon to permit reference by counsel at trial to evidence previously held inadmissible. Comment by counsel, in the presence of the jury, about evidence deemed inadmissible before trial, is improper. *Braseth v. Farrell,* 176 Wash. 365, 29 P.2d 680 (1934); *State v. Barton,* 75 Wn.2d 947, 454 P.2d 381 (1969). In this case, however, the reference made to suppressed evidence was minimal. The jury was informed that letters, papers and bills had been suppressed earlier, but the jury was not told what the substantive value of that suppressed evidence was. Counsel's reference to the prior motion was inadvertent and brief. There is no indication that the jury was in any way influenced or that defendant was in any way prejudiced by the brief suggestion that defendant would not have been convicted if reference to the suppressed evidence had not been made. Any error involved, therefore, was harmless. *State v. Martin,* 73 Wn.2d 616, 440 P.2d 429 (1968); *State v. Britton,* 27 Wn.2d 336, 178 P.2d 341 (1947).

■ Defendant further contends that her counsel's comment about the previously suppressed evidence, in the presence of the jury, denied her adequate representation by counsel and a fair trial under due process of law. There is no merit to this contention. The court stated in *State v. Mode,* 57 Wn.2d 829, 833, 360 P.2d 159 (1961):

> Mistakes or errors of judgment do not establish the violation of a constitutional right. It is only when the incompetence or neglect of a lawyer, either appointed or employed to defend one charged with crime, results in the violation of a constitutional right by reducing the trial to a farce that a new trial will be granted.

In determining the adequacy of representation under the standards enumerated in *State v. Mode, supra,* the entire record must be considered. *State v. Gibson,* 79 Wn.2d 856,

490 P.2d 874 (1971); *State v. Thomas,* 71 Wn.2d 470, 429 P.2d 231 (1967). There is insufficient evidence in the record to meet this test. Defendant was adequately and conscientiously represented by counsel and was given a fair and impartial trial.

Defendant pro se alleges three further errors by the trial court. First, she contends the trial court erred in denying her motion for change of venue. The motion stated that defendant had been involved in three previous trials in Yakima County in the past months, that each trial had resulted in radio, newspaper, and TV publicity, and that the publicity rendered the selection of an impartial jury in this case impossible. There is nothing in the record, however, to support this conclusion. The news reports of which defendant complains are not before us, and there is no record of the voir dire examination of the jurors to show their reaction to those reports. Granting or denying a motion for change of venue is within the discretion of the trial judge, and his decision will be reviewed only for abuse of discretion. *State v. Collins,* 50 Wn.2d 740, 314 P.2d 660 (1957). There is no showing that the trial judge abused his discretion in denying defendant's motion for change of venue.

Defendant next assigns error to the giving of instruction No. 9. This instruction defined the term "constructive possession" and in so doing stated that dominion and control necessary for constructive possession may be joint dominion and control. Defendant contends this was error because there was no evidence of joint activity. We disagree. There was testimony indicating that a Mr. Herman Watson and his wife had at least part-time control over the bedroom where heroin was found. Other evidence, aside from the prescription bottles, showed defendant also had dominion and control over the bedroom in question. This constitutes sufficient evidence to warrant the giving of an instruction on joint dominion and control. *See State v. Zamora,* 6 Wn. App. 130, 491 P.2d 1342 (1971).

Defendant finally contends that instruction No. 14 was erroneous because it shifted the burden to defendant to prove innocence, rather than requiring the state to prove guilt. Instruction No. 14 reads:

If you find from the evidence beyond a reasonable doubt that the defendant was, on or about the date set forth in the Amended Information, in Yakima County, State of Washington, in possession of the narcotic drug described in the Amended Information herein, then I instruct you that unless you find evidence to the contrary, the presumption arises that this possession of such narcotic drug was unlawful and the burden of showing that such drugs were unwittingly possessed by the defendant is a matter of defense to be proved by evidence sufficient to raise in your minds a reasonable doubt as to the unlawfulness of the said defendant's possession of such drug.

This instruction was approved in *State v. Boggs,* 57 Wn.2d 484, 358 P.2d 124 (1961).

Judgment affirmed.

MUNSON, C.J., and GREEN, J., concur.

Petition for rehearing denied July 10, 1972.

Review denied by Supreme Court August 18, 1972.