[No. 1748–3.  Division Three.  March 17, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. STEVEN
DANIEL JOHNSON, *Appellant.*

154

*Richard L. Cease, Public Defender, Donald Westerman, Assistant,* and *James E. Egan,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *James M. Parkins, Deputy,* for respondent.

McINTURFF, J.—Steven Daniel Johnson appeals his conviction of grand larceny by possession of stolen property, RCW 9.54.010(5) and RCW 9.54.090. The stolen property consisted of a guitar and amplifier seized during a lengthy warrant search of Mr. Johnson's apartment. The search warrant listed only recording equipment stolen in an unrelated burglary, though no recording equipment was found. However, seizure of the guitar and amplifier was sustained at a suppression hearing upon a theory of plain view.

Plain view, an exception to the Fourth Amendment search warrant requirement, has three elements: (1) a prior justification for police intrusion; (2) an inadvertent discovery of incriminating evidence; (3) immediate knowledge by police that they have evidence before them.[1] When these three safeguard requirements are present police may seize evidence in plain view.

Mr. Johnson challenges the presence of each of these elements and resulting admission of the guitar and amplifier

---

[1] *Coolidge v. New Hampshire,* 403 U.S. 443, 466, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971); *State v. Murray,* 84 Wn.2d 527, 534, 527 P.2d 1301 (1974), *cert. denied,* 421 U. S. 1004 (1975); *State v. Murray,* 8 Wn. App. 944, 949, 509 P.2d 1003 (1973); *State v. Dimmer,* 7 Wn. App. 31, 33, 497 P.2d 613 (1972).

into evidence. Under the first element of plain view, justified presence, it is argued that initial police intrusion was without legal basis. But in this case, officers had prior justification in the search warrant, if valid.[2]

Mr. Johnson contends the warrant was issued upon an affidavit which failed to include sufficient facts and circumstances to allow a finding of probable cause by the issuing magistrate. Probable cause is argued to be wanting on three bases, the first of which is a lack of probable personal reliability of the three informants upon whose statements the affidavit is premised.[3]

■■ Probable personal reliability of the three informants is established upon the face of the warrant affidavit. Each of the informants made admissions to police contrary to their penal interests thereby lending personal credibility, for admissions of crime are not lightly made.[4] Though the record reflects that two informants were offered prosecution immunity in exchange for their testimony at trial, the record does not show that such offer was made prior to issuance of the search warrant. If made prior to search, such offer would reflect informant bias, possibly reducing the evidentiary weight of their admissions to police. However, the officer also stated in his affidavit that he had personally corroborated the commission of other burglaries admitted by the three informants, indicating the informants were unlikely fabricating from whole cloth.[5]

As his second challenge to the search warrant, Mr. Johnson contends the affidavit fails to recite sufficient facts

[2]*Coolidge v. New Hampshire*, 403 U.S. 443, 465, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971); *State v. Dimmer*, 7 Wn. App. 31, 33, 497 P.2d 613 (1972).

[3]*See Aguilar v. Texas*, 378 U.S. 108, 114, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964).

[4]*United States v. Harris*, 403 U.S. 573, 583, 29 L. Ed. 2d 723, 91 S. Ct. 2075 (1971).

[5]*Draper v. United States*, 358 U.S. 307, 309, 3 L. Ed. 2d 327, 79 S. Ct. 329 (1959); *Spinelli v. United States*, 393 U.S. 410, 427, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969), White, J., concurring.

and circumstances to establish probable presence of listed property (recording equipment) within his apartment. According to the affidavit, it was stated by an informant that, at the time of prior searches of a former residence, "they did have a number of stolen items in the residence that were fruits of several burglaries that he and Steven Clark Johnson had committed." The affidavit continues that Mr. Johnson left his former residence, taking his own personal belongings, as well as the furnishings and personal belongings of the informant. This was said to be corroborated by the informant's mother. A reasonable man could thus conclude that listed property probably continued in Mr. Johnson's possession to the apartment described in the warrant affidavit. Thus, the affidavit does demonstrate the probability of presence of the listed property.

Third, Mr. Johnson argues that information recited in the warrant affidavit was 4 months old and thus stale. True, a search warrant may be issued only upon information establishing the probable contemporaneous presence of property to be seized on the described premises. The key is whether the property sought is on the premises to be searched *at the time* the search warrant is issued.[6] Facts and circumstances recited in the affidavit and discussed in the previous paragraph do establish probable continuing and contemporaneous possession of stolen property by Mr. Johnson in the apartment, through the previous 4 months.

A neutral and detached magistrate, the Honorable Ellsworth Gump, Spokane County District Court, did find probable cause based upon the affidavit. That finding has been accorded great deference on review, in view of the general preference accorded warrants.[7] Because police

---

[6]*United States v. Harris,* 403 U.S. 573, 579, 29 L. Ed. 2d 723, 91 S. Ct. 2075 (1971); *Sgro v. United States,* 287 U.S. 206, 210, 77 L. Ed. 260, 53 S. Ct. 138, 85 A.L.R. 108 (1932); *State v. Clay,* 7 Wn. App. 631, 638, 501 P.2d 603 (1972); *State v. Spencer,* 9 Wn. App. 95, 99, 510 P.2d 833 (1973).

[7]*Spinelli v. United States,* 393 U.S. 410, 413, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969), White, J., concurring; *United States v. Ventresca,* 380 U.S. 102, 109, 13 L. Ed. 2d 684, 85 S. Ct. 741 (1965).

intrusion was justified by a valid search warrant, the first element of plain view is wholly satisfied.

As regards the second element of plain view, it is contended that discovery of the guitar and amplifier was not inadvertent. In ruling upon Mr. Johnson's motion to suppress, the court found discovery to be inadvertent. This finding is substantially supported by testimony of Police Detective Henry. Though Detective Henry knew the guitar and amplifier to be stolen before his warrant application was made, no informant could place them in the apartment and he believed them not to be there. Detective Henry thus concluded he lacked probable cause to search for the guitar and amplifier. It wasn't until a fellow officer, Detective Warrington, brought the amplifier to Detective Henry's attention that he realized the amplifier was there. The guitar was discovered later by Detective Henry. Consequently, the discovery of the amplifier and guitar in Mr. Johnson's apartment was inadvertent, as required by plain view.

In relation to the third element of plain view, it is apparently argued that the guitar and amplifier were immediately recognized by police as contraband only by virtue of information gathered in prior illegal searches. Immediate recognition would then be "fruit of the poisonous tree," according to Mr. Johnson. But the record does not support the existence of prior illegal searches. Prior searches were conducted, but no showing has been made of their alleged illegality. The record further demonstrates that knowledge of contraband was gained only later, from informants, after the prior searches.

Further argument is made of the necessity of exigent circumstances as a fourth and separate requisite of plain view to justify a warrantless seizure. The plain view exception has received inconsistent interpretation by Washington courts, lending some basis to this final argument by Mr. Johnson.[8] But plain view justifying a warrantless seizure has only three elements, as held by the United States Supreme Court in *Coolidge v. New Hampshire,* 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971), as interpreted

[8]*See State v. Campbell,* 13 Wn. App. 722, 730, 537 P.2d 1067 (1975).

by this court in *State v. Dimmer*, 7 Wn. App. 31, 497 P.2d 613 (1972) and *State v. Murray*, 8 Wn. App. 944, 509 P.2d 1003 (1973), and as affirmed by the Washington State Supreme Court in *State v. Murray*, 84 Wn.2d 527, 527 P.2d 1303 (1974), *cert. denied*, 421 U.S. 1004 (1975). The argued additional requisite of exigent circumstances runs contrary to decisions of the highest state and federal courts.

The Fourth Amendment search warrant requirement is satisfied when, *first,* the scrutinizing eye of a neutral magistrate is imposed between individual privacy and infrequently overzealous police. *Second,* the scope of search must be limited by particular description of items to be seized. Scope cannot be left to police discretion.[9]

■ Plain view alone has been recognized as an exception to the Fourth Amendment search warrant requirement because these privacy safeguards remain wholly intact. *First,* plain view requires the initial police intrusion be lawful, upon a valid search warrant or recognized warrant exception. Here, intrusion was justified by a valid warrant. *Second,* because discovery must be inadvertent and recognition as contraband be immediate, the scope of search cannot be extended from the limited particular purpose of the initial intrusion to a general rummaging.[10]

There remains a quotation from *Coolidge* which requires further comment as potentially misleading:

> The limits on the doctrine [plain view] are implicit in the statement of its rationale. The *first* of these is that plain view *alone* is never enough to justify the warrantless seizure of evidence. This is simply a corollary of the familiar principle discussed above, that no amount of probable cause can justify a warrantless search or seizure absent "exigent circumstances."

(Italics ours.) *Coolidge v. New Hampshire, supra* at 468.

---

[9]*Coolidge v. New Hampshire, supra* at 467.

[10]*Coolidge v. New Hampshire, supra* at 467.

Despite the argument of Mr. Johnson, the court is not finding in this quotation the additional necessity of exigent circumstances, beyond plain view, to justify a warrantless seizure. As is apparent from the second sentence of the above quotation, the court is offering further explication upon the *first* element of plain view, justified presence. Initial police intrusion may be upon valid warrant, as here, or upon recognized warrant exception, such as exigent circumstances.[11] But plain view alone does satisfy both privacy safeguards imposed by the Fourth Amendment. To require additional exigent circumstances as a fourth and separate requisite of plain view would be to impose a purposeless obstacle between police and effective law enforcement.[12]

Judgment of the Superior Court affirmed.

MUNSON, C.J., and GREEN, J., concur.

Petition for rehearing denied March 29, 1977.

Review denied by Supreme Court September 29, 1977.

---

[11]*See Chambers v. Maroney,* 399 U.S. 42, 51, 26 L. Ed. 2d 419, 90 S. Ct. 1975 (1970); *Coolidge v. New Hampshire, supra* at 467.

[12]*Coolidge v. New Hampshire, supra,* states at pages 467–68: "As against the minor peril to Fourth Amendment protections, there is a major gain in effective law enforcement. Where, once an otherwise lawful search is in progress, the police inadvertently come upon a piece of evidence, it would often be a needless inconvenience, and sometimes dangerous—to the evidence or to the police themselves—to require them to ignore it until they have obtained a warrant particularly describing it."