# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48813-2-II |
| Respondent, | |
| v. | |
| LEE EARL BUNN, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Lee Earl Bunn appeals his conviction for second degree possession of depictions of a minor engaged in sexually explicit conduct. We hold that the plain view exception to the warrant requirement authorized seizure of Bunn's computer because (1) article I, section 7 does not require inadvertent discovery of evidence under the plain view exception to the warrant requirement; and (2) the deputy had probable cause to seize Bunn's computer when he immediately recognized the suggestive file name as evidence of a crime. Accordingly, we affirm.

## FACTS

Bunn bought a new computer and contracted with an electronics store to transfer his files from his old computer to his new computer. Bunn signed an agreement with the electronics store that stated he was on notice "that any product containing child pornography [would] be turned over to the authorities." Clerk's Papers (CP) at 24.

When the store employees attempted to execute the file transfer from Bunn's old computer to his new computer, an error message appeared on Bunn's computer screen listing the file name that caused the error. The file name in the error message read, "Homeclips- Spycam-13 Year Old

Sister Masturbation & Orgasm With Panties On.  Lesbian dildo vagina sex porn Pamela paris ron Jeremy hentai anime kiddie incest preteen fuck Item type Movie Clip." CP at 4.  Based on the file name in the error message, the store employees called law enforcement and reported the potential discovery of child pornography.

Deputy Duane Dobbins responded to the call from the store employees reporting the potential discovery of child pornography.  Upon arrival, the store employees showed Deputy Dobbins the error message on Bunn's computer.

Deputy Dobbins suspected the presence of child pornography based on words in the file name, including "13-year-old-sister masturbation and orgasm panties on," "Kiddie incest," and "preteen fuck."  Verbatim Report of Proceedings (VRP) at 16.  Deputy Dobbins did not search Bunn's computer, but he did seize the computer and secure it into evidence for analysis.  Deputy Dobbins did not obtain a warrant before seizing the computer.

Detective Gerald Swayze later obtained a search warrant for Bunn's computer.  The Washington State Patrol high tech crimes unit then analyzed the computer and found suspected child pornography.

On April 9, 2015, the State charged Bunn with second degree possession of depictions of a minor engaged in sexually explicit conduct.  Bunn moved to suppress the evidence seized from his computer.  The trial court denied the motion, finding that Deputy Dobbins's seizure of Bunn's computer was permitted under the plain view exception to the warrant requirement because he had probable cause based on his "prior justification for being where he was when he observed the evidence, [and] he discovered it and he immediately recognized it as evidence of a crime."  CP at

77. After a bench trial on stipulated facts, the trial court found Bunn guilty of the charged offense. Bunn appeals.

ANALYSIS

A.      LEGAL PRINCIPLES

Both the Fourth Amendment of the U.S. Constitution and article I, section 7 of our state constitution prohibit warrantless searches and seizures unless an exception to the warrant requirement applies. *State v. Garvin*, 166 Wn.2d 242, 249, 207 P.3d 1266 (2009). The State must demonstrate that a warrantless search or seizure falls within an exception to the warrant requirement. *Id.* at 250. Under the plain view exception, an officer can seize items in plain view without a warrant if (1) there is a valid justification for the intrusion into a constitutionally protected area, and (2) the item seen is immediately recognized as incriminating evidence associated with criminal activity. *State v. O'Neill*, 148 Wn.2d 564, 582-83, 62 P.3d 489 (2003).

We review a trial court's conclusions of law on the suppression of evidence de novo.[1] *State v. Weller*, 185 Wn. App. 913, 922, 344 P.3d 695, *review denied*, 183 Wn.2d 1010 (2015). And whether an exception to the warrant requirement applies is a question of law that we also review de novo. *Id*.

---

[1] Bunn does not challenge the trial court's findings. Therefore, the trial court's findings of fact are verities on appeal. *State v. Lohr*, 164 Wn. App. 414, 418, 263 P.3d 1287 (2011).

B.    PLAIN VIEW EXCEPTION

Bunn argues that the trial court's conclusion that the plain view exception to the warrant requirement justified the warrantless seizure of his computer, without considering inadvertent discovery of the contraband, violated article I, section 7 of our state constitution.[2]  We disagree.

The parties do not dispute that inadvertent discovery of the contraband in question is no longer required under the Fourth Amendment of the U.S. Constitution.  *Horton v. California*, 496 U.S. 128, 139-42, 110 S. Ct. 2301, 110 L. Ed. 2d 112 (1990).  But article I, section 7 of the Washington Constitution provides broader privacy protections than the Fourth Amendment.  *State v. Ladson*, 138 Wn.2d 343, 348, 979 P.2d 833 (1999).  Thus, the parties dispute whether inadvertent discovery is a required element under the plain view exception to the warrant requirement under article I, section 7 of the Washington Constitution.

Based on our Washington Supreme Court's decisions since 2003 addressing the plain view exception to the warrant requirement, it appears the inadvertent discovery element is no longer required.  *See O'Neill*, 148 Wn.2d at 582-83 (applying the federal plain view doctrine analysis and stating that "[t]he doctrine requires that the officer had a prior justification for the intrusion and immediately recognized what is found as incriminating evidence" without any mention of the inadvertent discovery element).  The development of case law that has applied the plain view

---

[2] Bunn argues that a constitutional analysis is required under *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808 (1986), to determine whether article I, section 7 of the Washington Constitution requires plain view seizures to be inadvertent.  It is well settled that article I, section 7 provides greater protection of an individual's right to privacy than the Fourth Amendment.  *State v. Ferrier*, 136 Wn.2d 103, 111, 960 P.2d 927 (1998).  Furthermore, when "prior cases direct the analysis to be employed in resolving the legal issue, a *Gunwall* analysis is no longer helpful or necessary."  *State v. White*, 135 Wn.2d 761, 769, 958 P.2d 982 (1998).  Because the development of case law by the U.S. Supreme Court and the Washington Supreme Court on the plain view exception guide our analysis here, a *Gunwall* analysis is not required.

exception to the Fourth Amendment of the U.S. Constitution and to article I, section 7 of our state constitution supports the conclusion that the plain view exception to the warrant requirement under article I, section 7 of our state constitution does not include an inadvertent discovery element.

The inadvertent discovery requirement under the plain view exception to the warrant requirement first appeared in *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971).[3] In *Coolidge*, the U.S. Supreme Court, in a plurality opinion, considered the application of the plain view exception to the warrant requirement in depth and referenced the inadvertent discovery of evidence:

> What the "plain view" cases have in common is that the police officer in each of them had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused. The doctrine serves to supplement the prior justification—whether it be a warrant for another object, hot pursuit, search incident to lawful arrest, or some other legitimate reason for being present unconnected with a search directed against the accused— and permits the warrantless seizure. Of course, the extension of the original justification is legitimate only where it is immediately apparent to the police that they have evidence before them; the "plan view" doctrine may not be used to extend a general exploratory search from one object to another until something incriminating at last emerges.

403 U.S. at 466. The Court stated that the plain view exception to the warrant requirement, when applied to the Fourth Amendment, required prior justification for intrusion and inadvertent discovery of incriminating evidence in plain view. *Id*. at 466-69; *see e.g. Texas v. Brown*, 460

---

[3] The emergence of an inadvertent discovery requirement under the plain view exception to the warrant requirement in this state has mirrored that of the federal courts. The requirement cannot be found in Washington case law prior to *Coolidge*. *See State v. Miller*, 121 Wash. 153, 209 P. 9 (1922); *see also State v. LaPierre*, 71 Wn.2d 385, 428 P.2d 579 (1967). After *Coolidge*, Washington courts began to require inadvertent discovery under the plain view exception to the warrant requirement. *See State v. Murray*, 84 Wn.2d 527, 527 P.2d 1303 (1974); *see also State v. Lair*, 95 Wn.2d 706, 630 P.2d 427 (1981).

U.S. 730, 737, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983) (reviewing the plain view doctrine and noting that "the officer must discover incriminating evidence 'inadvertently.'"). In doing so, the Court was mindful of concerns regarding general warrants and noted the importance of inadvertent discovery when applying the plain view exception to the warrant requirement. *Coolidge*, 403 U.S. at 467-71. Justice White dissented in *Coolidge* and strongly disagreed with imposing an inadvertent discovery requirement under the plain view exception to the warrant requirement. *Id.* at 516-17.

The Court, in *Horton v. California*, later revisited the requirements of the plain view exception, and conclusively resolved the issue of "[w]hether the warrantless seizure of evidence of crime in plain view is prohibited by the Fourth Amendment if the discovery of the evidence was not inadvertent." 496 U.S. 128, 130, 110 S. Ct. 2301, 110 L. Ed. 2d 112 (1990).

> The "plain-view" doctrine is often considered an exception to the general rule that warrantless searches are presumptively unreasonable, but this characterization overlooks the important difference between searches and seizures. If an article is already in plain view, neither its observation nor its seizure would involve any invasion of privacy.
>
> . . . .
>
> It is, of course, an essential predicate to any valid warrantless seizure of incriminating evidence that the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed. There are, moreover, two additional conditions that must be satisfied to justify the warrantless seizure. First, not only must the item be in plain view; its incriminating character must also be "immediately apparent.". . . Second, not only must the officer be lawfully located in a place from which the object can be plainly seen, but he or she must also have a lawful right of access to the object itself. As the United States has suggested, Justice Harlan's vote in *Coolidge* may have rested on the fact that the seizure of the cars was accomplished by means of a warrantless trespass on the defendant's property. In all events, we are satisfied that the absence of inadvertence was not essential to the Court's rejection of the State's "plain-view" argument in *Coolidge.*

*Id*. at 133-35, 136-37 (footnotes and citations omitted). The Court directly addressed the inadvertent discovery element along with the concerns about general warrants and non-inadvertent discovery raised in *Coolidge*:

> First, evenhanded law enforcement is best achieved by the application of objective standards of conduct, rather than standards that depend upon the subjective state of mind of the officer. The fact that an officer is interested in an item of evidence and fully expects to find it in the course of a search should not invalidate its seizure if the search is confined in area and duration by the terms of a warrant or a valid exception to the warrant requirement. If the officer has knowledge approaching certainty that the item will be found, we see no reason why he or she would deliberately omit a particular description of the item to be seized from the application for a search warrant. Specification of the additional item could only permit the officer to expand the scope of the search. On the other hand, if he or she has a valid warrant to search for one item and merely a suspicion concerning the second, whether or not it amounts to probable cause, we fail to see why that suspicion should immunize the second item from seizure if it is found during a lawful search for the first.

> . . . .

> Second, the suggestion that the inadvertence requirement is necessary to prevent the police from conducting general searches, or from converting specific warrants into general warrants, is not persuasive because that interest is already served by the requirements that no warrant issue unless it "particularly describ[es] the place to be searched and the persons or things to be seized," and that a warrantless search be circumscribed by the exigencies which justify its initiation. Scrupulous adherence to these requirements serves the interests in limiting the area and duration of the search that the inadvertence requirement inadequately protects. Once those commands have been satisfied and the officer has a lawful right of access, however, no additional Fourth Amendment interest is furthered by requiring that the discovery of evidence be inadvertent. If the scope of the search exceeds that permitted by the terms of a validly issued warrant or the character of the relevant exception from the warrant requirement, the subsequent seizure is unconstitutional without more.

*Id*. at 138-40 (alteration in original) (footnotes and citations omitted). Thus, the Court found Justice White's dissent in *Coolidge* instructive and held that the inadvertent discovery element added no additional protections. *Id*. at 140. As a result, the Court definitively concluded that

"even though inadvertence is a characteristic of most legitimate 'plain-view' seizures, it is not a necessary condition." *Id*. at 130.

After *Horton*, our courts applied the inadvertent discovery requirement inconsistently. *See, e.g.*, *State v. Myers*, 117 Wn.2d 332, 346-47, 815 P.2d 761 (1991) (including the inadvertent discovery element under the plain view exception to the warrant requirement); *State v. Goodin*, 67 Wn. App. 623, 627-28, 838 P.2d 135 (1992), *review denied*, 121 Wn.2d 1019 (1993) (acknowledging the elimination of the inadvertent discovery element when applied to the Fourth Amendment and noting that the element had never been explicitly required under article I, section 7); *State v. Hudson*, 124 Wn.2d 107, 114, 874 P.2d 160 (1994) (noting the holding in *Horton* while also stating that if in the course of a search with a valid warrant, officers "happen across some item for which they had not been searching and the incriminating character of the item is immediately recognizable, that item may be seized.").

However, in 2003, the Washington Supreme Court followed the direction of *Horton* and applied its holding for purposes of article I, section 7 in *O'Neill*, 148 Wn.2d at 582-83. The *O'Neill* court expressly acknowledged that the inadvertent discovery requirement had been eliminated by *Horton*, and omitted the inadvertent discovery requirement from its analysis when it applied the plain view exception to the warrant requirement under article I, section 7. *O'Neill*, 148 Wn.2d at 583 n.6, 582-83. Since *O'Neill*, our Washington Supreme Court seems to have omitted the inadvertent discovery requirement from its analysis of the plain view exception to the warrant requirement under article I, section 7.[4]

---

[4] *See, e.g.*, *State v. Khounvichai*, 149 Wn.2d 557, 565-66, 69 P.3d 862 (2003) (discussing the plain view exception to the warrant requirement when applied to article I, section 7, without referencing inadvertent discovery); *State v. Hatchie*, 161 Wn.2d 390, 395, 166 P.3d 698 (2007) (setting forth

Bunn cites *State v. Murray*, 8 Wn. App. 944, 509 P.2d 1003 (1973) and *State v. Dimmer*, 7 Wn. App. 31, 497 P.2d 613 (1972), and argues that the inadvertent discovery requirement remains under the plain view exception to the warrant requirement. However, as analyzed above, the development of case law regarding the application of the plain view exception to the warrant requirement under article I, section 7, eliminates this murky inquiry into inadvertence. In fact, Bunn only cites to the early cases that included inadvertence as a requirement[5] and does not cite to any recent case law on the issue. Given the progression of the case law in this state after the elimination of the inadvertent discovery requirement under the Fourth Amendment of the U.S. Constitution, we hold that inadvertent discovery is not required for the plain view exception to the warrant requirement under article I, section 7 of the Washington Constitution.

C.      IMMEDIATE RECOGNITION AS CONTRABAND

Bunn argues that the trial court erred when it found that the file name seen by Deputy Dobbins was immediately recognizable as contraband. We disagree.

Under the plain view exception to the warrant requirement, the test for determining when an item is immediately recognized as contraband is whether, considering the circumstances, the officer can reasonably conclude the item is incriminating evidence. *Weller*, 185 Wn. App. at 926. Officers do not need to be certain the item is evidence of a crime—"probable cause is sufficient."

the requirements for a plain view search without mentioning inadvertent discovery); *State v. Ruem*, 179 Wn.2d 195, 200, 313 P.3d 1156 (2013) (defining the plain view exception to the warrant requirement under article I, section 7 and omitting inadvertent discovery); *but see State v. Kull*, 155 Wn.2d 80, 85, 118 P.3d 307 (2005) (including the inadvertent discovery requirement, without analysis, based on *State v. Chrisman*, 94 Wn.2d 711, 715, 619 P.2d 971 (1980), *rev'd and remanded on other grounds*, 455 U.S. 1 (1982), but acknowledging that the inadvertent discovery requirement was eliminated under the Fourth Amendment).

[5] *Murray*, 8 Wn. App. at 948-49; *Dimmer*, 7 Wn. App. at 33.

*Id.* Probable cause exists when the facts available to the officer would warrant a reasonable person to believe that certain items may be evidence of a crime. *State v. Dorsey*, 40 Wn. App. 459, 468-69, 698 P.2d 1109 (1985); *Brown*, 460 U.S. at 742. Only a nontechnical probability that incriminating evidence is present is required. *Dorsey*, 40 Wn. App. at 468-69; *Brown*, 460 U.S. at 742.

Here, the trial court properly found that the plain view exception to the warrant requirement authorized the warrantless seizure of Bunn's computer because Deputy Dobbins had probable cause to reasonably conclude that the computer contained evidence of a crime. At the electronics store, employees showed Deputy Dobbins the error message and file name that appeared on Bunn's computer. Based on the file name, Deputy Dobbins immediately suspected that the computer may contain child pornography because the file name contained references to sexual acts, "13-year-old," "preteen," and "Kiddie incest." VRP at 16. While Bunn argues that Deputy Dobbins could not conclude that the suggestive file name was in fact contraband and that Deputy Dobbins did not actually see any child pornography, certainty is not required. *Weller*, 185 Wn. App. at 926; *Brown*, 460 U.S. at 742. Probable cause is sufficient, and, after Deputy Dobbins observed the suggestive file name, probable cause arose because the words in the file name could lead a reasonable person to believe that the computer contained evidence of a crime, child pornography. Therefore, we hold that the trial court properly found that the plain view exception to the warrant requirement authorized warrantless seizure of Bunn's computer because Deputy Dobbins immediately recognized the suggestive file name as evidence of a crime. As a result, Deputy Dobbins had probable cause to reasonably conclude that the computer may contain evidence of the crime of child pornography. Bunn's challenge fails.

10

No. 48813-2-II

CONCLUSION

We hold that the plain view exception to the warrant requirement authorized seizure of Bunn's computer because (1) inadvertent discovery is not required for the plain view exception to the warrant requirement under article I, section 7 of the Washington Constitution; and (2) Deputy Dobbins had probable cause to seize Bunn's computer when he immediately recognized the suggestive file name as evidence of a crime. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Sutton, J.

11