[No. 674-3.   Division Three.   June 8, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. GORDON THOMAS
SPENCER, *Appellant*.

*Cameron K. Hopkins* (of *Porter & Hopkins*), for appellant.

*Joseph Panattoni, Prosecuting Attorney*, and *David Gorrie, Deputy*, for respondent.

GREEN, C.J.—Defendant, Gordon T. Spencer, was charged and convicted by a jury of four counts of sale and four counts of possession of illegal drugs in violation of the Uniform Controlled Substances Act. He appeals.

One basic issue is presented: Did the court err in denying a motion to suppress evidence obtained during a search of the defendant's room pursuant to a search warrant?

On March 9, 1972, Lt. Tom Pratt of the Ellensburg Police Department arrested the defendant, based upon an information charging him with four counts of selling amphetamine tablets between December 16, 1971 and January 7, 1972. Following defendant's arrest, Lt. Pratt and another

officer searched the residence of defendant pursuant to a search warrant issued March 9, 1972. This search was not incident to the defendant's arrest; it was accomplished at both a time and place removed from his arrest. As a result of the search, amphetamine tablets, lysergic acid, diethylamide and marijuana were found. Thereafter, the information was amended to charge the defendant with four additional counts of possession of illegal drugs.

Defendant contends the affidavit in support of the search warrant did not contain sufficient information to establish probable cause; therefore, the search warrant was improperly issued and the items secured as a result of the search should have been suppressed. We agree.

The affidavit supporting the issuance of the search warrant executed by Lt. Pratt, in pertinent part, states:

Affiant states that he has probable cause to believe, based upon the following facts, that the above listed things to be seized are now located upon the (person and) premises set forth above:

On March 9, 1972 a warrant bearing number C 7103 was issued by the Superior Court of Kittitas County. Such warrant charges the said GORDON T. SPENCER with the crime of Illegal Sales of Uniform Controlled Substance.

On 12-23-72 a sale of a Uniform Controlled Substance was made by GORDON T. SPENCER at 814 E. 5th Avenue, Ellensburg, Wash. On January 7, 1972 another such sale was made at the same address.

It has been determined that GORDON T. SPENCER is residing at the address with other persons. This premise is a single unit dwelling house. It is the writers opinion that GORDON T. SPENCER does possess amphetamines, the substance sold in the previously mentioned contacts, and that the amphetamine [sic] are in fact stored within the described dwelling house.

The above described vehicle has been identified as the vehicle owned by SPENCER. It is known that he regualrly [sic] operates this vehicle. It is therefore the writers opinion that amphetamines may be stored within the vehicle.

An affidavit supporting a search warrant must be

sufficiently comprehensive to provide the issuing magistrate with facts from which he can independently conclude there is probable cause to believe the items sought are at the location to be searched. *State v. Withers*, 8 Wn. App. 123, 504 P.2d 1151 (1972); *State v. Portrey*, 6 Wn. App. 380, 492 P.2d 1050 (1972); *United States v. Harris*, 403 U.S. 573, 29 L. Ed. 2d 723, 91 S. Ct. 2075 (1971). Further, these facts must be current facts, not remote in point of time, and sufficient to justify a conclusion by the magistrate that the property sought is probably on the person or premises to be searched *at the time* the warrant is issued. *United States v. Bailey*, 458 F.2d 408, 411 (9th Cir. 1972); *Durham v. United States*, 403 F.2d 190, 193 (9th Cir. 1968).

The affidavit executed March 9, 1972 relies upon alleged sales of controlled substances made by the defendant on December 23, 1971 and January 7, 1972. These sales are too remote in point of time to constitute probable cause for the issuance of a search warrant on March 9, 1972. *United States v. Bailey, supra; Durham v. United States, supra.*

The only other allegation offered in the affidavit to support the warrant is the officer's opinion that there were controlled substances stored on the premises to be searched. This opinion is not supported by any statement of fact. The mere expression of an officer's opinion, without more, cannot form the basis for the issuance of a search warrant. *State v. Peterson*, 3 Wn. App. 946, 478 P.2d 745 (1970).

For the foregoing reasons, the search warrant was not properly issued and the fruits of the search should have been suppressed.

We need not decide the other issues raised by the defendant, for the evidence produced in the illegal search was highly incriminating. We cannot say beyond a reasonable doubt the error complained of was harmless and did not contribute to the defendant's conviction on the four counts involving sales of controlled substances. *State v. Martin*, 73 Wn.2d 616, 440 P.2d 429 (1968).

The judgment is reversed and the cause is remanded for

98

a new trial on the four counts involving sales of controlled substances, counts 1, 2, 3 and 4.

MUNSON and McINTURFF, JJ., concur.