[No. 3856–II.  Division Two.  June 17, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. ANITA HIGBY, *Appellant.*

*James R. Short* and *Short & DeBay,* for appellant.

*Grant S. Meiner, Prosecuting Attorney,* for respondent.

PETRICH, J.—The defendant was convicted on stipulated facts of maintaining a dwelling for the use and sale of controlled substances in violation of RCW 69.50.402(a)(5),[1]

---

[1]RCW 69.50.402 was amended in 1979 and the applicable subsection is now (a)(6). The statute makes it unlawful for any person "knowingly to keep or maintain any . . . dwelling, building, . . . or other structure or place, which is resorted

and was placed on probation. The only issue on appeal is the validity of the search warrant by which the contraband was acquired. By timely objections, and in accordance with the stipulation, defendant has preserved her right to challenge the admissibility of the critical evidence seized under the warrant. Defendant contends that the information disclosed in the affidavit was too remote in time to establish probable cause to believe that marijuana was on the premises at the time of the search. We agree and reverse the conviction.

Defendant also asserts that information from unidentified informants in the affidavit did not meet the requirements of *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964) and *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969). In light of our conclusion that all the information supplied in the affidavit was insufficient to establish probable cause to believe marijuana was on the premises at the time of the search, it is not necessary to reach this issue. The probative value of the information and the reliability of the informants is relevant, however, to the staleness question and is discussed in that context.

The affidavit in support of the search warrant was subscribed and sworn to jointly by Officers Alan L. Griswold and Daniel B. Gates on March 18, 1978. The affidavit's caption described in some detail the suspect premises as rented and occupied by the defendant. It stated the officers' belief that there was marijuana on the premises kept in violation of RCW 69.50.401(d).[2] RCW 69.50.401(d) made it a misdemeanor to be in possession of 40 grams or less of marijuana. The facts disclosed in the affidavit to support the warrant were as follows:

---

to by persons using controlled substances in violation of this chapter for the purpose of using these substances, or which is used for keeping or selling them in violation of this chapter."

[2]This statute was amended in 1979 and the identical language is now found at RCW 69.50.401(e).

(1) Officer Gates and his partner stopped a vehicle on March 17, 1978, and ultimately arrested the driver and passenger for possession of marijuana and hashish. The passenger stated that he had purchased hashish from the driver at his residence, and a search of the driver's home indicated that this information was reliable. The passenger also told the officers that he had purchased marijuana from Anita Higby at her residence approximately 2 weeks earlier. (2) Forks police on "several occasions" had observed a "considerable amount" of vehicular traffic and pedestrians visiting the Higby home for 2 or 3 minutes. These observations were made "at all hours of the day." The officers averred that this was "inconsistent with what would be generally considered ordinary visits." (3) Officer Griswold averred that 6 months previously he had been told by an informant that he or she had observed the packaging and sale of "ground leafy green vegetable matter" by Anita Higby in her home. The officer stated that he had known the informant for 3 years and that this person had "an excellent reputation for truth and honesty" in the community.

The provisions of the fourth amendment to the United States Constitution requiring probable cause of criminal activity to justify an intrusion into a home are enforced against the state through the Fourteenth Amendment and the standards are the same under either amendment. *Ker v. California*, 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623 (1963). A search warrant affidavit need not establish a prima facie case that criminal acts are occurring, only the probability of such activity. *State v. Patterson*, 83 Wn.2d 49, 515 P.2d 496 (1973). It is not enough, however, to set forth that criminal activity occurred at some prior time. The facts or circumstances must support the reasonable probability that the criminal activity was occurring at or about the time the warrant was issued. *Sgro v. United States*, 287 U.S. 206, 77 L. Ed. 260, 53 S. Ct. 138, 85 A.L.R. 108 (1932). Tabulation of the intervening number of days is not the final determinant of probable cause, but is only one

factor considered along with all the other circumstances including the nature and scope of the suspected criminal activity. *United States v. Rahn,* 511 F.2d 290 (10th Cir. 1975); *Andresen v. State,* 24 Md. App. 128, 331 A.2d 78 (1975); W. Ringel, *Searches and Seizures, Arrests and Confessions* § 4.2(a), at 10 (1979).

The first paragraph of the affidavit in this case adequately establishes the passenger–informant's reliability, and sufficiently details a single purchase of marijuana from defendant at her home approximately 2 weeks prior to the application for the warrant. As the affidavit contemplated finding only a small quantity of marijuana in defendant's home,[3] it is reasonable to assume that the passenger–informant had purchased only a small quantity of marijuana. This portion of the affidavit likely establishes "past probable cause" of criminal activity. However, we do not believe that one sale of a small quantity of marijuana provides probable cause to search 2 weeks later. In *State v. Spencer,* 9 Wn. App. 95, 510 P.2d 833 (1973), the court held that two separate controlled substance purchases, the last made 61 days prior to the affidavit, was insufficient to establish probable cause at the time the magistrate issued the warrant. Three separate marijuana purchases of 2 ounces, each spanning an 8–day period, the last purchase made 31 days prior to the issuance of the warrant, was held insufficient to establish probable cause in *State v. Willey,* 363 A.2d 739 (Me. 1976).

The State contends that the second informant's information and the officers' observation of the home supplied sufficient additional circumstances to reasonably infer the continued presence of marijuana in the home. The second informant's reliability was established only by the affiant's conclusionary statement that the informant had a reputation for honesty in the community. This bare assertion of the officer's opinion does not satisfy the reliability

---

[3]The officers contemplated finding marijuana in violation of RCW 69.50-.401(d) (now RCW 69.50.401(e)) on the premises, *i.e.,* 40 grams or less.

prong of *Aguilar v. Texas, supra.* This court has, however, held that:

> When the informant is an ordinary citizen, as opposed to the criminal or professional informant, and his identity is revealed to the issuing magistrate, intrinsic indicia of the informant's reliability may be found in his detailed description of the underlying circumstances of the crime observed or about which he had knowledge.

*State v. Northness,* 20 Wn. App. 551, 557, 582 P.2d 546 (1978). In this situation the second informant was not identified and did not present detailed self–verifying information. Further, informants associated with criminal elements are more likely to be present to witness drug transactions than are law–abiding citizens. *See* W. LaFave, *Search and Seizure* § 3.4, at 601 (1978). The affidavit set forth insufficient underlying facts to establish the credibility of the second informant and did not establish this unidentified person as a presumptively reliable "citizen informant."

The only other information disclosed in the officers' affidavit was the reference to "considerable" traffic at the Higby residence. The affidavit did not indicate the number, time and date of the visits. Although search warrant affidavits are not read hypertechnically, they must disclose sufficient facts to allow the magistrate to exercise independent judgment on the question of probable cause. *Aguilar v. Texas, supra; State v. Clay,* 7 Wn. App. 631, 501 P.2d 603 (1972). The officer's statement that the visits were "inconsistent with what would be generally considered ordinary visits" is simply a conclusion without sufficient facts to support a similar, but independent, judgment by the magistrate. *See People v. Broilo,* 58 Mich. App. 547, 228 N.W.2d 456 (1975).

Even accepting at face value the officers' conclusions and the information from the second informant, however, the affidavit is insufficient to establish current probable cause to search the premises. A single observation of possible marijuana activity 6 months in the past, combined with one

small marijuana sale 2 weeks in the past and observations of marginally suspicious activity at unspecified times is insufficient to establish a reasonable belief that marijuana will be found on the premises at the time of the search. By holding this affidavit insufficient to establish "probable cause" we do not signal an intent to "second guess" issuing magistrates on the weight to be given "factual" assertions contained in affidavits. We do, however, express an increasing concern for the necessity that affidavits recite specific data as to times, places and magnitude of previous criminal activity.

The judgment is reversed.

REED, C.J., and PETRIE, J., concur.