[No. 4437–8–III.   Division Three.   April 29, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. MICHAEL R. HETT, *Appellant.*

*Eugene G. Schuster* and *Critchlow & Williams,* for appellant.

*C. J. Rabideau, Prosecuting Attorney,* and *Pamela Cameron, Deputy,* for respondent.

GREEN, J.—Michael Hett appeals his conviction for possession of a controlled substance. The sole question presented is whether the court erred in denying his motion to suppress evidence seized under a search warrant.

Michael Hett was charged and convicted of felonious possession of marijuana. The marijuana was seized in his home pursuant to a search warrant issued on August 21, 1980, and supported by two affidavits. The affidavit at issue here was signed by Larry Lawley,[1] a minor arrested while attempting to break into Mr. Hett's home. His affidavit stated: (1) he had personally known Mr. Hett for about a year; (2) he had purchased marijuana from Mr. Hett on at least 20 separate occasions; (3) he was present on August 18, 1980, when Mr. Hett sold marijuana to a third person; (4) he had personally observed Mr. Hett remove baggies of

---

[1]The other affidavit was by a police officer and reiterated the contents of the Lawley affidavit.

marijuana from a cardboard box kept in his bedroom closet on a shelf; and (5) he had arranged to purchase marijuana from Mr. Hett on August 21, 1980, but on arriving at Mr. Hett's home and discovering no one there, he attempted to break in and was arrested. Larry Lawley appeared before a district court judge and informed him the affidavit was true. Mr. Hett moved to suppress the marijuana seized pursuant to the warrant. This motion was denied.

■ First, Mr. Hett contends Mr. Lawley's affidavit in support of the warrant failed to recite sufficient facts to establish his credibility or reliability, and thus failed to satisfy the second prong of the *Aguilar–Spinelli* test. *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964); *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969). This prong tests veracity, evaluating the truthfulness of the informant. *Aguilar v. Texas, supra* at 114; *Spinelli v. United States, supra; State v. Partin,* 88 Wn.2d 899, 903, 567 P.2d 1136 (1977). We do not find this test controlling here.

Both *Aguilar v. Texas, supra,* and *Spinelli v. United States, supra,* are distinguishable. The affidavits in those two cases were based on tips of unidentified informants. That is not the case here. Larry Lawley was an identified informant and additionally the principal affiant. As such he appeared before the judicial officer issuing the search warrant and attested to the truthfulness of the affidavit he had signed. In these circumstances, the *Aguilar–Spinelli* test does not apply.

■ In the alternative, if the *Aguilar–Spinelli* test applies, as Mr. Hett contends, factors are present to establish Larry Lawley's credibility and thus satisfy the "veracity" prong. Larry Lawley's appearance before the judicial officer provides a strong basis on which to appraise his reliability. *State v. Sainz,* 23 Wn. App. 532, 536, 596 P.2d 1090 (1979). His affidavit contains statements against his penal interests. Such statements are not often made lightly and may support an inference of reliability, *United States v. Harris,* 403 U.S. 573, 581, 29 L. Ed. 2d 723, 91 S. Ct. 2075

(1971), since one who admits his criminal activity to a police officer may face prosecution. *State v. Lair,* 95 Wn.2d 706, 711, 630 P.2d 427 (1981). The fact the informant, Mr. Lawley, is named in the affidavit and signed it, may be considered with other indicia leading to a conclusion of reliability. *State v. Lair, supra* at 712; *State v. Sieler,* 95 Wn.2d 43, 48, 621 P.2d 1272 (1980); *see also State v. Northness,* 20 Wn. App. 551, 556–57, 582 P.2d 546 (1978). Finally, his affidavit contained facts concerning Mr. Hett's sale and storage of marijuana in such detail it could reasonably be inferred he was not relying on casual rumor, but personal observation. *Draper v. United States,* 358 U.S. 307, 3 L. Ed. 2d 327, 79 S. Ct. 329 (1959). In fact, he admits to being a purchaser.

■ Second, Mr. Hett contends the affidavit is insufficient to establish probable cause because it fails to state facts showing criminal activity was occurring at or about the time the warrant was issued; therefore, it was stale. We disagree.

> [A] search warrant may be issued only upon information establishing the probable contemporaneous presence of property to be seized on the described premises. The key is whether the property sought is on the premises to be searched *at the time* the search warrant is issued.

*State v. Johnson,* 17 Wn. App. 153, 156, 561 P.2d 701 (1977); *see also State v. Higby,* 26 Wn. App. 457, 460, 613 P.2d 1192 (1980); *State v. Sainz, supra* at 536. The test for staleness of the information in an affidavit is common sense. *State v. Worland,* 20 Wn. App. 559, 582 P.2d 539 (1978). Tabulation of the number of intervening days is not the final determinant of probable cause, but rather it is just one factor to be considered with all the other circumstances, including the nature and scope of the suspected criminal activity. *State v. Higby, supra* at 460. Here, Larry Lawley stated: (1) he personally observed the sale of marijuana by Mr. Hett to a third person on August 18, 1980, only 3 days prior to execution of the warrant; and (2) he had arranged with Mr. Hett to meet for the sale of mari-

juana on August 21, 1980, the same day the affidavit was signed and the search warrant issued. These statements clearly indicate it would be reasonable to conclude marijuana was on the premises at the time the search warrant issued.

We find the affidavit sufficient to support the issuance of the search warrant and the motion to suppress was properly denied.

Affirmed.

ROE, A.C.J., and MUNSON, J., concur.

Reconsideration denied May 12, 1982.

Review denied by Supreme Court July 16, 1982.