[No. 11925–7–I.   Division One.   April 9, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. DOUGLAS
JAMES PATTERSON, *Appellant.*

*William Johnston,* for appellant.

*David S. McEachran, Prosecuting Attorney,* for respondent.

CORBETT, J.—Defendant, Douglas James Patterson, appeals from a judgment and sentence entered after a jury verdict finding him guilty of two counts of unlawful possession of a controlled substance, and two counts of unlawful possession of a controlled substance with intent to deliver. Defendant's assignments of error raise issues relating to the validity of the warrant and subsequent search, and the scope of the Uniform Controlled Substances Act, RCW 69.50.

Officers of the Bellingham Police Department obtained a search warrant for the defendant's residence. During the search they discovered a large quantity of psilocybin mushrooms and marijuana.

Defendant first assigns error to denial of his motion to contravene the search warrant and suppress the evidence. He challenges the affidavit of the police, and the testimony of a juvenile informant, as insufficient to establish probable cause. Prior to issuance of the warrant, a juvenile had been arrested for possession of marijuana. He disclosed to police officers that he and two other juveniles had burglarized the defendant's home and had taken mushrooms as well as marijuana. The officers were given some of the mushrooms. In the affidavit in support of the application for a search warrant, an officer asserted that the mushrooms had been tested and found to be psilocybin mushrooms. The officer testified before the magistrate in support of the application for search warrant that the mushrooms had been given to another officer who took them to someone from the State Crime Laboratory and reported back that they were "good" mushrooms. At the hearing to contravene the warrant, defendant presented evidence that the test was casual and not scientifically accurate. Defendant initially challenges the trial court's finding that the person who examined the mushrooms had sufficient experience to form an expert's opinion as to the presence of psilocybin, based solely upon visual observation. This finding is supported by substantial evidence and will therefore be upheld on appeal. *State v. Short,* 12 Wn. App. 125, 129, 528 P.2d 480 (1974).

Defendant also asserts that when the officer relayed what he had been told to the magistrate without personal knowledge of what had been done to test the mushrooms, it amounted to reckless disregard of the truth requiring suppression of the evidence. We find no reckless misrepresentation on the bare showing that an officer repeated hearsay related by another officer involved in the same investigation. In making a probable cause determination, a magis-

trate may rely upon an affidavit or testimony of a police officer even though it relays hearsay information from other officers. *Cf. State v. Maesse,* 29 Wn. App. 642, 647, 629 P.2d 1349 (1981). Probable cause is established when from the facts presented to a magistrate an affirmative independent determination can be made that both the information and the sources of information are reliable. *State v. Smith,* 28 Wn. App. 387, 389–90, 624 P.2d 191 (1981). Once the magistrate is informed of the underlying circumstances on which the officer based his conclusions, the magistrate may then make commonsense inferences as a part of his independent determination of probable cause. *See State v. Larson,* 29 Wn. App. 669, 671, 630 P.2d 485 (1981). At the time of issuing the search warrant, the magistrate had before him the affidavit of a police officer that a test had been performed with positive results upon the mushrooms given to the police by the juvenile burglar. Although hearsay, what the officer related to the magistrate was the substance of what he had been told by a fellow officer. This satisfied the veracity requirement of *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964). Under such circumstances the judge could make an independent determination that the information was reliable and the controlled substance was as described.

Defendant further argues that because the juvenile was unnamed when he testified before the magistrate, his statements could not be relied upon to support the magistrate's authorization of a search warrant. We note that the juvenile was under oath, made a statement against penal interest in admitting the burglary, and was carefully examined by the magistrate. An informant's veracity or reliability, and the basis of his knowledge are "closely intertwined issues that may usefully illuminate the commonsense practical question whether 'probable cause' exists." *State v. Bowers,* 36 Wn. App. 119, 122, 672 P.2d 753 (1983). The testimony of the juvenile meets this test. Although unnamed, he testified before the magistrate that he was inside the defendant's residence 2 days before the

search warrant was issued and personally observed a large number of jars containing mushrooms in different stages of growth. Further, he admitted taking two boxes containing some of the psilocybin mushrooms. A willingness to testify bolsters an informant's credibility, and where he actually appears and testifies under oath before the judicial officer issuing the warrant, "an even stronger basis on which to appraise reliability" is established. *State v. Sainz,* 23 Wn. App. 532, 536, 596 P.2d 1090 (1979).

Defendant attempts to distinguish *State v. Hett,* 31 Wn. App. 849, 851, 644 P.2d 1187 (1982) on the ground that the juvenile burglar/informant who testified before the magistrate in that case was *named.* The court in *Hett* assessed the informant's credibility on the basis of all the surrounding circumstances. The fact that he was named in the affidavit was merely "considered with other indicia leading to a conclusion of reliability." *State v. Hett, supra* at 852. Significantly, all of the other indicia relied upon to uphold veracity in *Hett* are present in the instant case: appearance before the magistrate, making statements against penal interest, and recounting of detailed facts supporting the inference of personal observation. *State v. Hett, supra* at 852. Defendant contends without citation of authority that revealing a name is an essential foundation, like the requirement of an oath, for reception of evidence by a court. Assignments of error unsupported by citation of authority will not be considered on appeal unless well taken on their face. *State v. Kroll,* 87 Wn.2d 829, 838, 558 P.2d 173 (1976). Having assessed the totality of these circumstances, the magistrate did not err in issuing the warrant. The motion to contravene and suppress was properly denied.

■ Defendant also argues that the search warrant was inadequate because the information supporting it was too remote in time. The warrant was issued 2 days after the break–in by the juveniles, but only hours after information was obtained by officers concerning the contents of the home. A reasonable person could conclude under the facts

and circumstances of the instant case that the drugs listed in the warrant probably continued in the defendant's possession and were in the house described in the warrant. *See State v. Sainz, supra* at 536–37. There was probable cause to issue the search warrant. Information supporting the warrant was timely and the evidence obtained as a result of the search was properly admitted.

Defendant next contends that the search exceeded the scope of the warrant. In executing the warrant, the officers entered the kitchen. Expecting to find a closet or bedroom, an officer opened the door to the basement. The warrant was for the search of the downstairs apartment at the address given in the warrant. A commonsense reading of the warrant would include the connected basement as an integral part of the apartment. Before extending the search to the upstairs apartment, the officers noted speaker wires leading from the first floor upstairs, as well as an extension cord leading upstairs. The psilocybin mushrooms had been discovered growing in large quantities in the areas that had been searched in the lower apartment and basement. Based upon these findings, the officer telephoned the magistrate to obtain authority to extend the search to the entire building, from which 4,400 Mason jars containing psilocybin mushrooms were ultimately removed. Probable cause clearly existed for the extension of the authorized search to the entire residence.

Next, the defendant argues that the trial court erred when it held that the marijuana found at his residence was properly seized under the plain view doctrine. He contends that since marijuana was specified in the warrant, it could not have been found in his residence inadvertently and consequently the plain view doctrine does not apply.

■ The record in the instant case reveals that the marijuana was discovered in a place where no reasonable expectation of privacy existed.

> The requirement in [*State v.*] *Daugherty,* [94 Wn.2d 263, 616 P.2d 649 (1980), *cert. denied,* 450 U.S. 958 (1981)] that the discovery of contraband be "inadver-

tent" does not mean that the officer must act with a completely neutral and benign attitude when investigating suspicious activity. Such a rule would contradict the first requirement in *Daugherty* that the officer have a *prior justification* for the intrusion, *id.* at 267, when conducting an investigation of apparently clandestine activity that discloses evidence in "plain view." Because such investigations necessarily demand an inquiring and cautious disposition on the part of the officer involved, the term "inadvertent," in the context of the plain view doctrine, simply means that the officer discovered the evidence while in a position that does not infringe upon any reasonable expectation of privacy, and did not take any further unreasonable steps to find the evidence from that position.

*State v. Callahan*, 31 Wn. App. 710, 712–13, 644 P.2d 735 (1982). The trial court did not err by denying the motion to suppress the marijuana.

Defendant assigns error to denial of his motion to dismiss, arguing that RCW 69.50.204(d)(18), which proscribes possession of any material containing psilocybin, does not include a natural plant which contains that chemical. He points to other sections of the statute that specifically describe natural plants that contain controlled substances, such as RCW 69.50.204(d)(13) (marijuana) and (d)(15) (peyote), and RCW 69.50.206(b)(3) (opium poppy and poppy straw) and (b)(4) (coca leaves). He argues that the Legislature did not intend to criminalize possession of naturally growing mushrooms, and cites an Illinois trial court decision and a British Columbia Court of Appeals decision to support his argument. We do not find these citations persuasive. The words of the statute have an unambiguous meaning that does not permit subjective interpretation. The Uniform Controlled Substances Act, RCW 69.50, makes it unlawful to "possess . . . a controlled substance." RCW 69.50.401(a). "Controlled substance" is defined to include a "substance . . . in Schedules I through V . . ." RCW 69.50.101(d). Schedule I includes "any material . . . which contains any quantity of . . . Psilocybin." RCW 69.50.204(d)(18). The key word "material" means

"consisting of matter." *Webster's Third New International Dictionary* 1392 (1976). This meaning is sufficiently explicit to include substances in their natural state as well as chemical derivatives or compounds. We conclude that it was the clear legislative intent to include the psilocybin mushroom as a controlled substance. *See State v. Boyer,* 91 Wn.2d 342, 343 n.1, 588 P.2d 1151 (1979); *cf. Fiske v. State,* 366 So. 2d 423, 424 (Fla. 1978).

Defendant also argues that even if the statute encompasses a natural plant containing psilocybin, the statute is void for vagueness and provides inadequate notice of the proscribed conduct. Guilty knowledge or intent is not a requirement of the statute, *State v. Cleppe,* 96 Wn.2d 373, 380, 635 P.2d 435 (1981), *cert. denied,* 456 U.S. 1006 (1982), thus distinguishing the present case from *Fiske v. State, supra* at 424, where a similar statute was held to be unconstitutional as applied.

Defendant also asserts that he had a reasonable belief in the legality of his conduct and assigns error to the failure to instruct the jury accordingly and denial of his motion for a new trial. He argues that his offer of proof concerning a common misunderstanding of the law relating to psilocybin mushrooms justified some instruction on his good faith belief or on ignorance and/or mistake of law or fact. Defendant cites no authority for this contention. A mistake of law is not a defense. *State v. Takacs,* 35 Wn. App. 914, 918, 671 P.2d 263 (1983). Every sane person is presumed to know the law. *State v. Spence,* 81 Wn.2d 788, 792, 506 P.2d 293 (1973), *rev'd on other grounds,* 418 U.S. 405, 41 L. Ed. 2d 842, 94 S. Ct. 2727 (1974). The trial court properly refused instructions concerning defendant's asserted good faith belief.

Defendant's motion for a new trial was based in part upon a contention of selective enforcement of the law concerning psilocybin mushrooms. In support of his motion, the defendant filed copies of newspaper articles published in the Bellingham Herald concerning mushrooms. One quoted a deputy prosecuting attorney as saying, "Halluci-

nogenic mushrooms are not illegal." Another reported the arrests of mushroom pickers for criminal trespass, a misdemeanor. Defendant cites no authority to support his contention in support of the motion for new trial. Assignments of error unsupported by citation of authority will not be considered on appeal unless well taken on their face. *State v. Kroll, supra* at 838. In any event, the State asserted that felony prosecution concerning psilocybin mushrooms was ongoing. In denying the motion, the trial court distinguished the case of a picker of mushrooms, who might only be subject to prosecution for criminal trespass, from that of the defendant, who was alleged to be a substantial mushroom grower and distributor. The trial court did not err in denying the motion for new trial.

Affirmed.

DURHAM, C.J., and RINGOLD, J., concur.

Reconsideration denied September 6, 1984.

Review denied by Supreme Court December 7, 1984.