# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69853-2-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| ALEX ROBERT BUCKINGHAM, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: April 21, 2014 |

SPEARMAN, C.J. — The State appeals from the trial court's order granting

Alex Buckingham's motion to suppress evidence and dismiss the charge against

him for manufacture of a controlled substance. The issue before us is whether

the 2011 amendments to the Medical Use of Cannabis Act (MUCA), chapter

69.51A RCW, require a search warrant to be based on probable cause of a

violation of the Act specifically, rather than merely probable cause of a violation

of our state's marijuana laws.[1] Having recently decided this issue in State v. Reis,

No. 69911-3-I, 2014 WL 1284863 (Mar. 31, 2014), we reverse and remand.

---

[1] Initiative 502, passed in November 2012, legalized possession of small amounts of marijuana for individuals over 21 years of age. See RCW 69.50.401(3). Initiative 502 has no bearing on this case.

FACTS

On November 22, 2011, law enforcement executed, pursuant to a search warrant, a search at a residence in Everett. The affidavit in support of the search warrant detailed a search at that residence that had occurred on March 12, 2009. CP 58-62. That search revealed a marijuana growing operation with 418 plants. The affidavit explained that as a result of that search, the owner of the residence, Daniel Dean, pleaded guilty to conspiracy to manufacture marijuana. Alex Buckingham and Ashley Byrne, who were living in the home and apparently tending the grow operation, both pleaded guilty to misdemeanor marijuana charges.

The affidavit further stated that on October 27, 2011, a police officer had gone to the property to determine whether it was still occupied. As he approached the front door, he smelled fresh or growing marijuana. Parked in the driveway was a Kia registered to Byrne at Dean's residential address in Edmonds. The next day, two other officers returned to the property. One officer smelled fresh or growing marijuana. On November 18, an officer observed a Toyota 4Runner under the carport of the residence. The 4Runner was registered to Buckingham. On November 22, both the 4Runner and the Kia were parked at the property.

The affidavit also included information from public utility district records regarding the property, which listed Dean as the subscriber and showed that the bi-monthly power usage averaged 10,903 kilowatts. This was a high amount that indicated the presence of an indoor marijuana growing operation.

Based on this information, the district court issued the search warrant. The search revealed a grow operation with four grow rooms holding a total of 275 marijuana plants, 70 grams of processed marijuana, and over 2,000 grams of shake.

Buckingham was charged with manufacture of a controlled substance. He moved to suppress the evidence found in the search, arguing that the 2011 amendments to the Act required probable cause that a grow operation is illegal under MUCA. CP 17. The trial court concluded:

> [W]ithin the four corners of the warrant, probable cause has not been established and therefore all the evidence in this case is suppressed. Under the medical marijuana law of 2011, an affirmative defense does not come into play until after probable cause is established, this is not the situation in this case. In this case there was nothing in the warrant in which the affiant addressed the issue of whether the provisions of the medical marijuana law were being broken and therefore there was no probable cause that a crime was being committed in the 4 corners of the warrant.

Clerk's Papers (CP) at 3-4.

Accordingly, the trial court granted Buckingham's motion, suppressed the evidence, and dismissed the case. The State appeals.

## DISCUSSION

"We review conclusions of law from an order pertaining to the suppression of evidence de novo." State v. Garvin, 166 Wn.2d 242, 249, 207 P.3d 1266 (2009) (citing State v. Duncan, 146 Wn.2d 166, 171, 43 P.3d 513 (2002)).

"A search warrant must be based upon probable cause." State v. Merkt, 124 Wn. App. 607, 612, 102 P.3d 828 (2004) (citing State v. Cole, 128 Wn.2d

3

262, 286, 906 P.2d 925 (1995). "Probable cause exists if the affidavit in support of the warrant sets forth facts and circumstances sufficient to establish a reasonable inference that the defendant is probably involved in criminal activity and that evidence of the crime can be found at the place to be searched." State v. Thein, 138 Wn.2d 133, 140, 977 P.2d 582 (1999) (citing Cole, 128 Wn.2d at 286).

The State argues that the broad protections in RCW 69.51A.040 against arrest, prosecution, criminal sanctions, and civil consequences are limited to designated patients and qualifying providers who are listed in a state registry. Because the governor vetoed those sections that would have created the registry, it is not possible to qualify for these protections. In State v. Fry, 168 Wn.2d 1, 5, 228 P.3d 1 (2010), a plurality of the Washington Supreme Court, analyzing a prior version of MUCA, held that the possible existence of an affirmative defense under Washington's medical marijuana laws does not defeat probable cause when a trained officer detects the odor of marijuana. And the current version of MUCA expressly provides that an unregistered patient or provider may raise an affirmative defense at trial. RCW 69.51A.043. Therefore, according to the State, defendants are left with an affirmative defense that can be raised at trial, and a showing of probable cause need not negate that defense.

Buckingham argues that the use and cultivation of medical marijuana is presumptively legal under the plain language of RCW 69.51A.040 as amended in

2011.[2] He contends that Fry is no longer applicable as a result of the 2011 amendments to MUCA, because the amended statute now provides an exception to the general prohibition on possession of controlled substances. Thus, law enforcement officials must demonstrate probable cause of a violation of MUCA to obtain a search warrant, and show that the exception does not apply.[3]

We recently addressed these arguments in Reis, 2014 WL 1284863. In Reis, a detective sought a search warrant for the defendant's residence based on observations indicating that marijuana was being grown indoors. The district court concluded that there was probable cause to believe a violation of the Uniform Controlled Substances Act, chapter 69.50 RCW, had been committed, and it issued a search warrant. After officers seized evidence of a marijuana grow operation, Reis was charged with manufacture of marijuana in violation of the Uniform Controlled Substances Act. Reis moved to suppress the evidence, arguing that the search warrant was not supported by probable cause. The trial court denied his motion, and this court granted discretionary review.

---

[2] RCW 69.51A.040 as amended provides that "[t]he medical use of cannabis in accordance with the terms and conditions of this chapter does not constitute a crime and a qualifying patient or designated provider in compliance with the terms and conditions of this chapter may not be arrested, prosecuted, or subject to other criminal sanctions or civil consequences . . ." if certain specified requirements are met.

[3] The State in Buckingham's case makes an additional argument not made in Reis's. It argues that because the search in his case took place in November 2011, the benefits of registration were unavailable to him in any event because he could not possibly have qualified for them. It points out that the department of health was to have been given until January 1, 2013 to adopt rules governing the registry, ch. 181, § 901(1) (vetoed), and that no registry would have existed in November 2011. Thus, it contends, he was entitled only to a possible affirmative defense, which need not be negated to establish probable cause. Because we conclude RCW 69.51A.040 does not make medical marijuana use presumptively legal, the argument is unnecessary and we need not address it.

Reis argued that the plain language of RCW 69.51A.040 as amended in 2011 made the use and cultivation of medical marijuana presumptively legal in certain circumstances. He asserted that Fry no longer applies and that police must demonstrate probable cause of a violation of MUCA to obtain a search warrant. We disagreed with Reis and held that the trial court did not err in denying Reis's motion to suppress.

First, we noted that the plain language of RCW 69.51A.040 as amended provides heightened protections against arrest, prosecution, criminal sanctions or civil consequences only if certain specified requirements are met, including registration with the department of health. Because the governor vetoed the section of the law establishing a registry, it is impossible to register. We rejected Reis's argument that the governor's veto eliminated the affirmative defense, as "[s]uch an interpretation is at odds with the plain language of the statute as amended by the legislation." Reis, 2014 WL 1284863 at 15. Accordingly, we held:

> RCW 69.51A.040 cannot currently be enforced to the extent an individual asserts medical marijuana use "in accordance with the terms and conditions of this chapter." The protections against arrest, prosecution, criminal sanctions, and civil consequences would apply only to qualifying patients and designated providers who are registered. Currently no one can register. Thus, qualifying patients and designated providers may assert an affirmative defense. Under Fry, the possible existence of an affirmative defense does not negate probable cause. The trial court did not err in denying Reis's motion to suppress.[4]

Id. at 16-17.

_____

[4] Footnotes omitted.

6

Applying this reasoning to Buckingham's case, we conclude that the trial court erred in granting his motion to suppress. The search warrant affidavit established that the police officers suspected an indoor marijuana growing operation, in violation of the Uniform Controlled Substances Act. The affidavit was not required to show that the operation violated MUCA. We therefore reverse the suppression order. Because the order of dismissal was predicated solely on the suppression order, we reverse the dismissal as well and remand for further proceedings.

We reverse and remand.

WE CONCUR: