# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CITY OF KENT, | ) | |
| | ) | No. 73929-8-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| COREY COBB, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: October 31, 2016 |

SPEARMAN, J. — Unless a vagueness challenge implicates First Amendment rights, we evaluate the challenged statute as applied to the defendant's specific conduct. Corey Cobb challenges the constitutionality of the per se THC[1] statute, RCW 46.61.502(1)(b). He argues that the statute is void for vagueness because it is impossible for a reasonable person to know when his THC exceeds the legal limit. But the statute as applied to the facts of Cobb's case is not impermissibly vague. We affirm.

## FACTS

A Kent police officer made a traffic stop after observing a car commit several traffic violations. The officer discovered that the driver, Corey Cobb, was driving with a suspended license (DWLS) and was wanted for two DWLS warrants. The officer placed Cobb under arrest.

---

[1] "THC" is delta-9-Tetrahydrocannabinol, the primary active ingredient in marijuana.

The officer observed that Cobb smelled of marijuana and had bloodshot eyes. Cobb told the officer that he had smoked marijuana 5-6 hours before and stated that he had a medical marijuana card. When the officer asked if he would perform field sobriety tests, Cobb first consented but then said that his medical marijuana paperwork instructed him to only take drug tests at the police station. Cobb consented to a drug influence evaluation (DIE) at the station.

During the DIE, Cobb showed signs of marijuana impairment including droopy eyelids, muscle tremors, and inappropriate giggling. He stated that he smoked marijuana "'a couple of hours'" before. Clerk's Papers (CP) at 463. He later said that he smoked marijuana at 8:30 that morning. The arresting officer informed Cobb that he believed Cobb was under the influence of marijuana. According to the officer, Cobb replied "'Of course I am, but I got my card and I'm being legal about it.'" CP at 456.

Cobb voluntarily gave a blood sample. Analysis of the blood sample determined that Cobb's level of THC was 5.9 nanograms per milliliter (ng/mL). The City charged Cobb with driving under the influence (DUI) under RCW 46.61.502 because he was driving while affected by marijuana or had a THC level of 5.0 ng/mL or greater within two hours of driving.[2]

Prior to trial, Cobb moved to preclude the City from proceeding under the per se prong of the DUI statute, RCW 46.61.502(1)(b). Cobb argued that the per se statute is void for vagueness because it does not provide adequate notice of

_____

[2] The City also charged Cobb with driving with license suspended. The DWLS charge and conviction is not at issue in this appeal.

what conduct is proscribed. Specifically, Cobb asserted that there is no way for a person to determine his THC level based on the amount of marijuana he has consumed. Cobb also argued that the statute was not a valid exercise of the State's police powers because there is no correlation between THC level and impaired driving. Cobb relied on several scientific studies to support both arguments. For the purposes of the motion, the parties stipulated to the facts detailed in the police report.

The trial court denied Cobb's motion. The court rejected Cobb's vagueness argument and did not rule on Cobb's police powers argument. The King County Superior Court denied Cobb's request for a writ of certiorari and this court denied Cobb's petition for discretionary review.

The matter proceeded to trial. Because the parties agreed to treat the case as a test of the constitutionality of the per se THC limit, the City dismissed the affected by allegation under RCW 46.61.502(1)(c) and proceeded only on the per se prong of the DUI statute, RCW 46.61.502(1)(b). Cobb was convicted as charged. He appeals the denial of his motion to declare the per se THC prong of RCW 46.61.502 unconstitutional.[3]

## DISCUSSION

Cobb argues that the trial court erred in denying his motion to declare the per se THC statute, RCW 46.61.502(1)(b), unconstitutionally vague.

---

[3] Cobb filed a notice of appeal requesting direct review by the Supreme Court. The Supreme Court transferred the case to this court.

When the legislature legalized recreational marijuana, it also made a legislative judgment that a person's driving is affected by marijuana if he or she has a THC blood level of 5.0 ng/mL. RCW 46.61.502(1)(b). A statute is presumed to be constitutional. Haley v. Medical Disciplinary Bd., 117 Wn.2d 720, 739, 818 P.2d 1062 (1991) (citing Seattle v. Eze, 111 Wn.2d 22, 26, 759 P.2d 366 (1988)). To overcome this presumption, the challenger has the burden of proving unconstitutionality beyond a reasonable doubt. Id. We review the constitutionality of a statute de novo. State v. Watson, 160 Wn.2d 1, 6, 154 P.3d 909 (2007) (citing Kitsap County v. Mattress Outlet, 153 Wn.2d 506, 509, 104 P.3d 1280 (2005)).

The due process clause of the Fourteenth Amendment requires statutes to provide fair notice of conduct that is prohibited. Id. (citations omitted). Unless a vagueness challenge involves First Amendment rights, we evaluate the statute for vagueness as applied to the actual facts of the case. Id. (citing State v. Coria, 120 Wn.2d 156, 163, 839 P.2d 890 (1992)). See also City of Spokane v. Douglass, 115 Wn.2d 171, 182-83, 795 P.2d 693 (1990) (in an as applied analysis, a law "is tested for unconstitutional vagueness by inspecting the actual conduct" of the challenging party). Because driving does not implicate First Amendment rights, we evaluate Cobb's challenge as applied to the facts of his case.

A statute is impermissibly vague if (1) it does not define a criminal offense with sufficient clarity that ordinary people can understand what conduct is

4

prohibited or (2) it fails to provide ascertainable standards of guilt to protect against arbitrary enforcement. Id. (citing State v. Williams, 144 Wn.2d 197, 203, 26 P.3d 890 (2001)). Cobb challenges the statute under only the first prong. He asserts that the per se THC statute is unconstitutionally vague as applied to him because, absent a blood test, there was no way for him to know when he crossed from legally driving after consuming a small amount of marijuana to unlawfully driving with a THC level in excess of the statutory limit.[4]

We reject this argument. While a statute must define prohibited conduct in terms that an ordinary person can understand, due process does not require "'impossible standards of specificity.'" State v. Evans, 177 Wn.2d 186, 204, 298 P.3d 724 (2013) (quoting State v. Sullivan, 143 Wn.2d 162, 181-82, 19 P.3d 1012 (2001)). It is not necessary for a statute to define with precision the moment when conduct becomes unlawful, as a person "'who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.'" Id. at 203 (quoting Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 340, 72 S.Ct. 329, 96 L.Ed. 367 (1952)).

Drivers in Washington are presumed to know that it is illegal to drive while under the influence of marijuana and that a blood THC level of 5.0 ng/mL is proof that a driver is under the influence. State v. Patterson, 37 Wn. App. 275, 282, 679 P.2d 416, 422 (1984) (citing State v. Spence, 81 Wn.2d 788, 792, 506 P.2d

---

[4] The Washington Association of Criminal Defense Lawyers and the Washington Foundation for Criminal Justice support this position in their joint amicus brief. The Washington Attorney General filed an amicus brief in support of the City of Kent.

291 (1973) rev'd on other grounds, 418 U.S. 405, 94 S. Ct. 2727, 41 L.Ed.2d 842 (1974). In this case, Cobb consumed marijuana, showed signs of impairment, and acknowledged that he was under the influence of marijuana. Nevertheless, he chose to drive. In so doing, Cobb accepted the risk that he might be driving with a THC blood level in excess of 5.0 ng/mL. Having taken that risk, he cannot now argue he was not on notice that he might be driving in violation of the statute. The statute as applied to Cobb is not unconstitutionally vague.

Cobb raises several other challenges to the constitutionality of the per se THC statute. Although he acknowledges that his vagueness challenge must be evaluated as applied to the facts of his case, he appears to assert that the statute is facially vague.[5] But because the per se THC statute, RCW 46.61.502(1)(b), does not implicate First Amendment rights, we do not consider Cobb's claim of facial vagueness. Watson, 160 Wn.2d at 6.

Cobb also argues that the statute exceeds the State's police powers. But the trial court concluded that Cobb struck his police powers argument and therefore did not rule on the issue. Cobb did not object to this ruling below, move to reconsider the issue, identify the issue in his notice of appeal, or assign error to the court's failure to address the issue. Nonetheless, both Cobb and the City urge us to consider the argument on appeal. We decline to do so because in the

---

[5]Cobb points to some expert opinions asserting no correlation between THC blood level and impairment. Thus, he argues it is possible for a person to have a THC blood level in excess of 5.0 ng/mL and whose driving ability is unaffected. But because those are not the facts of this case, it is irrelevant to an as applied analysis.

absence of a ruling by the trial court, the issue is not ripe for review.[6] RAP 2.2. See State v. Cates, 183 Wn.2d 531, 534, 354 P.3d 832 (2015) (an issue is not ripe for review until the challenged action is final) (citing State v. Sanchez Valencia, 169 Wn.2d 782, 786-91, 239 P.3d 1059 (2010)). See also Matheson v. Gregoire, 139 Wn. App. 624, 637, 161 P.3d 486 (2007) (declining to consider an issue not decided by the trial court as not ripe for review).

Finally, Cobb argues that the marijuana initiative, I-502, violates Washington's single subject rule for ballot measures. Cobb did not raise this argument below. "An argument neither pleaded nor argued to the trial court cannot be raised for the first time on appeal." Sourakli v. Kyriakos, Inc., 144 Wn. App. 501, 509, 182 P.3d 985 (2008) (quoting Sneed v. Barna, 80 Wn. App. 843, 847, 912 P.2d 1035 (1996)).

Affirmed.

WE CONCUR:

_Spearman, J._

_Appelwick, J._

_Cox, J._

---

[6] At oral argument, the parties also argued that the trial court's failure to rule on the police powers argument was manifest constitutional error that may be raised for the first time on appeal under RAP 2.5. They urged us to rule on whether the trial court erred in failing to address the issue and on the merits of the argument. But neither issue was identified in the notice of appeal and no error was assigned to the trial court's failure to rule on the police powers issue. Thus, the issue is not within the scope of review. Clark County v. Western Washington Growth Management Hearings Review Bd., 177 Wn.2d 136, 144-45, 298 P.3d 704 (2013) (the scope of review is determined by the decisions designated in the notice of appeal and further specified by the assignments of error and arguments of the parties).